W. J. REYNOLDS *v.* E. ROMANO.

October Term, 1922.

Present:   WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed November 20, 1922.

*Appearance—New Trial—Deprivation of Right to Have Exceptions Heard, As Basis for A New Trial—Matters Considered on Petition for New Trial.*

1.  On petition for a new trial, when the petitionee's counsel appeared generally in opposition to the petition, filed affidavits in defense, and argued the case on its merits, the question of defective service is thereby obviated.

2.  On petition for a new trial, when the facts certified by the court and the evidence in support of the petition showed that, immediately after final adjournment, the official stenographic reporter who had taken the proceedings left the State, and has since remained therefrom; that the petitioner seasonably ordered a transcript of the proceedings in accordance with the court rule relating thereto, and also by correspondence with such reporter endeavored to have the transcript furnished, and offered to advance whatever was demanded as a fee; and that such reporter has refused and neglected to supply the transcript, whereby petitioner has failed to secure the benefit of exceptions taken at the trial, *held*, that petitioner was entitled to a new trial under G. L. 2296, and that he was not

chargeable with lack of diligence, nor could he be deemed negligent for the omission of some idle ceremony which would have been futile because of the refusal of the reporter to act.

3. The right of a party to have his exceptions heard in the Supreme Court is a substantial right, the loss of which entitles him to a new trial if it has occurred without his fault.

4. When the ground of a petition for a new trial is that the petitioner has lost the benefit of exceptions, the merit of the exceptions is not for consideration.

PETITION for a new trial, brought to the Supreme Court for Windsor County at its October Term, 1922. Heard on petition and affidavits in support and defense. *Judgment reversed, petition granted, and cause remanded.*

*Hugh Moore* for the petitioner.

*Roland E. Stevens* and *David A. Pingree* for petitionee.

TAYLOR, J. This is an action of ejectment. It was tried by court at the June Term, 1921, in the absence of the presiding judge. At the final adjournment of the term on September 8, 1921, the case being undisposed of was entered "with the court" and stood thus until January 25, 1922, when findings of fact signed by the assistant judges were filed and judgment was rendered for the defendant. Exceptions by the plaintiff were noted. There was an exception to the findings on the ground that they were not supported by the evidence, and to the judgment on the ground that it was not supported by the findings. Such proceedings were had that the time for filing a bill of exceptions was extended to April 1, 1922, within which time the record before us was filed.

The case shows that the record of the proceedings at the trial was kept by Mr. Whay, the then official stenographic reporter; that during the trial numerous exceptions were taken and allowed to the court's rulings; that immediately after the final adjournment of the court Mr. Whay left the State, and has since resided and been employed in the state of Massachusetts; that in compliance with the court rules an order for the tran-

script was seasonably filed with the clerk and a copy thereof forwarded to and received by Mr. Whay; but that he has refused and neglected to furnish such transcript, so that the plaintiff was unable to file it and has thereby been deprived of the benefit of his exceptions saved at the trial. The only exception saved to the plaintiff on the record is that taken to the judgment. The case was heard on this exception and on a petition for a new trial based on the failure to secure the benefit of his exceptions for the reasons detailed in the bill as stated above. Plaintiff's counsel admits that the exception is of no avail because of a shortage of the findings to support a judgment for the plaintiff. Defendant's counsel have filed a motion to dismiss the exceptions and much of their brief is devoted to the questions thus raised, but we have no occasion to consider the motion as the plaintiff relies only on the petition for a new trial.

[1] This case was tried in the court below with a companion case in which the parties are reversed. They have been heard here together, though on separate bills of exceptions. Petitions for new trials in both cases have been brought by the plaintiff in this case and defendant in the other. The grounds of both petitions are the same. Counsel for the petitionee as "friends of the court," suggest want of proper service of the petitions. But their appearance in opposition to the petitions is general. Besides, they have filed affidavits in defense and have argued the cases on their merits. This obviates any question of defective service. *Blood* v. *Crandall,* 28 Vt. 396.

[2, 3] The facts certified in the bill of exceptions (and they are fully sustained by the evidence in support of the petition) clearly make a case for a new trial under G. L. 2296. The right of a party to have his exceptions heard in this Court is a substantial right, the loss of which entitles him to a new trial if it has occurred without his fault. *Hotel Vermont Co.* v. *Cosgriff,* 89 Vt. 173, 94 Atl. 496; *Webb* v. *State,* 90 Vt. 65, 96 Atl. 599; *Nelson* v. *Marshall,* 77 Vt. 44, 58 Atl. 793. It is urged that the failure to get a hearing on his exceptions was due to plaintiff's own negligence; but plainly such is not the case. Under the present practice in the county courts the record of the trial is kept by the stenographic reporter, an official of the court. Both court and counsel rely upon him for a record of the exceptions taken during the trial. The notes are in shorthand and are

seldom of any aid until they are transcribed by the reporter.  A rule of court makes it the reporter's duty to proceed forthwith to furnish such transcript, when ordered by a party as therein provided.  The nature of his employment requires that his services be available at such times as the exigencies of a particular case demand.  The trouble in this case arose from the termination of the reporter's employment and his removal from this jurisdiction.  He was out of control and was not disposed to recognize any obligation to furnish the transcript.  Not only did plaintiff's counsel take the course pointed out by the court rule to secure it, but by correspondence with Mr. Whay he attempted to have it furnished and offered to advance whatever was demanded as a fee for the service.  However, he could get no assurance that the transcript would be furnished in season to be of any use.  It is suggested that plaintiff's counsel could have done various things "to save his distance"—could have asked for a transcript of the exceptions provided for in rule 31, § 3, could have asked for a further extension of time to procure the transcript, or could have had a skeleton bill filed referring to the transcript for exceptions.  But all of these steps would have been futile without the assistance of Mr. Whay who, as the record shows, was refusing to act.  It is quite apparent that the presiding judge, who must have fully understood the situation, appreciated the futility of any of the courses suggested, else he would not have certified the facts appearing in the record.  It is obvious that he found himself unable to give the plaintiff such a bill of exceptions as he was entitled to.  The outstanding fact is plaintiff's inability to furnish the necessary record of his exceptions. He is not chargeable with lack of diligence in attempting to furnish the transcript and cannot be deemed negligent for the omission of some idle ceremony.

[4]    It is urged as a reason for dismissing the petition that harmful error is not shown and cannot be presumed.  But the rule is well settled that, when the ground of a petition for a new trial is that the petitioner has lost the benefit of exceptions, the merit of the exceptions is not for consideration.  *Webb* v. *State, supra,* and cases cited.

*Judgment reversed, petition granted, and cause remanded for a new trial.*