## E. ROMANO *v.* W. J. REYNOLDS.

October Term, 1922.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed November 20, 1922.

PETITION for a new trial, brought to the Supreme Court for Windsor County at its October Term, 1922. Heard on petition and affidavits in support and defense. *Judgment reversed, petition granted, and cause remanded.*

*Hugh Moore* for the petitioner.

*Roland E. Stevens* and *David A. Pingree* for petitionee.

TAYLOR, J. This is an action of contract for the breach of a promise to repair a house on premises involved in the ejectment suit of *Reynolds* v. *Romano*, 96 Vt. 222, 118 Atl. 810. The case was tried by court in the absence of the presiding judge at the same time as the ejectment suit and disposed of at the same time, by judgment for the plaintiff on findings of fact signed by the assistant judges. Numerous exceptions were taken by the defendant at the trial, the benefit of which was lost for the reasons stated in the opinion in *Reynolds* v. *Romano*. As in that case so here, the presiding judge is able to certify up only the exception to the judgment. Counsel brief this exception but we take no time to consider it, as the disposition of the petition for a new trial gives the defendant all that he asks for.

It is unnecessary to give the petition for a new trial in this case separate treatment. It is based upon the same grounds, is supported by the same evidence, and merits the same disposition as the petition in *Reynolds* v. *Romano*. For reasons there given we hold that the defendant has brought himself within the purview of the statute respecting new trials (G. L. 2296) and that the petition should be sustained.

*Judgment reversed, petition granted, and cause remanded for a new trial.*