# James C. Wemyss, Jr.
## v.
## Raoul and Theresa Viens

[211 A. 2d 238]

April Term, 1965

Present: Holden, C. J., Shangraw, Barney, Smith and Keyser, J. J.

Opinion Filed May 6, 1965

*Harry Witters* for plaintiff.

*Lee Emerson* for defendant.

**Per Curiam.** Through no fault of the defendants, a transcript of the trial testimony in this case is unobtainable. This did not come to light until after a notice of appeal had been filed and an order for the transcript placed, all within season, in February, 1963. Diligent and protracted searches have failed to turn up the original stenographic notes taken at the trial.

After it became apparent that the testimonial record was irretrievably lost, the defendants filed a motion asking that the matter be retried on the grounds that they have been deprived of their exceptions. This motion was filed on April 2, 1965, and was opposed by the plaintiff on the grounds that the statutory provisions, 12 V. S. A. §§ 2354-8, governing new trials, apply here. These sections require that the proceedings be commenced by petition, with a citation, served like a writ of summons, and be brought within two years after the rendition of the original judgment.

If there were any doubt, the specification of a two-year limitation after the rendition of judgment demonstrates that these statutes apply to a different situation. In qualifying cases, these sections provide a

remedy outside the regular appellate route, even though the judgment in the matter has, in all ordinary senses, become final.

■ This case has never been finally disposed of. The appeal is still pending, since a notice of appeal was timely filed and the record on appeal is still incomplete. 12 V.S.A. § 2387; Supreme Court Rule 4A. Were this the fault of the appealing party, he would be in a poor position to request discretionary relief from this Court. This is not the situation of these appellants, since they are not to blame for the difficulty obstructing the hearing of the appeal. Since it sufficiently appears that the lack of a transcript prevents a just review of the questions to be raised on appeal, a new trial will be granted. *Reynolds* v. *Romano,* 96 Vt. 222, 224, 118 Atl. 810.

*Judgment set aside and cause remanded for a new trial.*