### State of Vermont v. Paul Lawrence

[340 A.2d 67]

No. 91-75

Present: Barney, C.J., Smith, Daley and Larrow, JJ.

Opinion Filed April 17, 1975

*Francis X. Murray, Esq.,* Chittenden County State's Attorney, Burlington, for the State.

*John J. Welch, Jr., Esq.,* Rutland, for Defendant.

■ **Per Curiam.** This is a petition for release under conditions pending the disposition of an appeal, brought under Rule 9(b), V.R.A.P. The defendant is in execution, in that following his conviction, the trial court terminated bail and refused to stay execution of the sentence. Being in execution, no constitutional right to bail exists. *In re Shuttle,* 131 Vt. 457, 306 A.2d 667 (1973). Under Rule 9(b), the matter is here for original determination by this Court, and not as an appeal from the trial court. The decision must be made on what is before this tribunal.

■ Even so, the disposition made by the lower court is before us as part of the record, and is entitled to great weight in the deliberations here. Where the discretionary power to put a sentence into immediate execution is exercised, it is to be presumed that it was only done after reflection and a fair weighing of the interests of the defendant and the State of Vermont. Thus it should not be lightly put aside or overturned by this Court and will be supported in the absence of concerns running sufficiently counter to its justification.

But, under this Rule 9(b), there is a duty to examine the matter anew and reach an independent judgment on the matter in the light of the posture of the litigation, the interests of all parties and the policies enjoined upon us by the Legislature in the provisions of the bail statutes.

■ In this case, a number of considerations running counter to the disposition below appear, including at least two of great weight and out of the ordinary pattern. They lead us to the conclusion that release upon certain strict conditions is appropriate in this matter.

The defendant has been convicted of perjury, a non-violent crime, but involving the conviction of many other persons for drug offenses on his allegedly false testimony. This circumstance has led to special stringency in his confinement, for his own protection. He is being detained in what amounts to a solitary cell in a detention center nearly one hundred miles from his counsel and from his parents. Although our concern

must base itself on the circumstances of this pending appeal, it is a fact that the extensive litigation pending in associated suits, as well as the nature of this present case, involve far more than the ordinary need to consult with his counsel. An offer has been made to transport him to the Woodstock Correctional Center on two days' notice for conference purposes. This is a commendable suggestion and, in many cases, might be adequate.

But in the light of all the aspects of this matter, an alternate resolution seems more appropriate. The defendant has no previous criminal record. It was the judgment of the district court that arraigned him that he was eligible for bail. He complied with all conditions. His parents, with whom he is very close, are upstanding citizens who are willing to pledge the equity in their home as part of any bail arrangement. In short, all of the considerations supporting a decision in favor of bail are present, even in the face of strong public outrage against the activities of which a jury has found him guilty. In such circumstances, and having in mind the special considerations already alluded to, it is the decision of this Court that release pending appeal, on the special circumstances set forth in the entry order, should be permitted.

The defendant has also asked for limited assistance from the funds allotted to the defense of indigent persons. His counsel has engaged to continue to represent him through this appeal without making demand on the State for recompense. He does ask, given the present indigent status of the defendant, that the transcript be furnished at State expense. This will be done.

*The transcript in this case is to be furnished at State expense.*

*The defendant is to be released under the authority of Rule 9(b), V.R.A.P., subject to the following conditions with respect to his appearance in court when ordered to do so, until determination of the appeal in this matter and the filing of an order of disposition in connection therewith:*

*(1) That a bail bond in favor of the State of Vermont be executed in the amount of $20,000, pledging the equity of the homestead of Mr. and Mrs. John O. Lawrence of Birch Road,*

*Shelburne, Vermont, parents of the defendant, as surety, in form to be approved by the Clerk of the Supreme Court.*

(2) *That the defendant is prohibited from traveling outside the borders of the State of Vermont.*

(3) *That the defendant be placed in the custody of the Department of Probation for supervision, with the duty to report as that Department may require, but at intervals of not less than one week.*