## State of Vermont v. Daniel Moquin

[369 A.2d 1371]

No. 178-75

Present: **Barney, C.J., Daley, Larrow, and Billings, JJ., and Smith, J. (Ret.),
Specially Assigned**

Opinion Filed February 1, 1977

*Francis X. Murray*, Chittenden County State's Attorney, and *Michael Goldsmith*, Deputy State's Attorney, Burlington, for Plaintiff.

*James L. Morse*, Defender General, and *Charles S. Martin*, Appellate Defender, Montpelier, for Defendant.

**Per Curiam.** This is a case like that discussed in *State* v. *Kozikowski*, 135 Vt. 93, and *State* v. *Lawrence*, 135 Vt. 75, also decided at this term of Court. It involves the failure to provide a transcript for a year and a half after the timely filing of a notice of appeal and a request for a transcript. The defendant has moved to vacate the conviction.

This defendant was convicted of attempted rape on June 2, 1975, and sentenced to three to ten years. This sentence was to run concurrently with a zero to three-year sentence imposed on December 21, 1973, for breaking and entering and with a ninety-day to one-year sentence for simple assault effective February 2, 1975. The sentences on these previous convictions have now been served, leaving only the attempted rape sentence on a conviction not yet given appellate review. The transcript has now been filed.

On December 21, 1976, the defendant filed a motion to be released on bail pending the hearing of his appeal, which was heard on December 23, 1976, and denied. The prospect of a renewed application for bail remains deliberately available.

Although the defendant is in execution and not entitled to bail as a constitutional right, *State* v. *Woodmansee*, 132 Vt. 558, 326 A.2d 172 (1974); *State* v. *Lawrence*, 133 Vt. 330, 331, 340 A.2d 67 (1975), valid concern for his right to appellate review requires that such review not be inordinately delayed. In the event of eventual discharge, all time served entirely under the improper conviction is an unsupported penalty, and, perhaps more to the point, delay of appellate review beyond the minimum appropriate incarceration, including "good time", is an additional penalty. When such a situation seems imminent, freedom under bond may appear to be the most appropriate

device to prevent an unfair penalty, if the appeal cannot be sufficiently expedited. Concern must be had, of course, to assure that the defendant had no responsibility for the delay.

█ As was noted in the cases of *State* v. *Lawrence, supra,* 135 Vt. 75, and *State* v. *Kozikowski, supra,* 135 Vt. 93, there is a responsibility on this Court to see to the provision of the required transcript. The provision of transcripts is a function of the appellate process. To insure its proper operation, it will be necessary to require that requests for transcribed testimony be put in an order of priority. The rights of an imprisoned person, not free on bail, whose case has had no review, call for early transcription.

The system has been extraordinarily burdened in the last few years for many reasons. The number of cases tried and appealed, civil and criminal, has increased dramatically. The use of court reporters in arraignments, inquests, depositions and other non-trial areas has expanded. The requests for transcripts of full trial proceedings has been permitted without challenge to the necessity for such complete transcriptions. Necessarily, narrowing the right to a transcript can only be undertaken in the presence of the broadest recognition of the defendant's challenges on appeal.

█ Nevertheless, much can be accomplished, and must be accomplished in order to prevent jeopardy to innocent defendants. V.R.A.P. 10(b), (c), and (d) provide for alternatives to a full or transcribed record. This Court will look carefully at the issues raised and their relation to the transcript. If there is no issue as to, for example, the voir dire, so much of the transcript as pertains to that is a waste and a burden to the system.

The function of appellate or post conviction review is not one of searching a record to find grounds to argue to this Court. It is to review the proceedings in the light of claims of error made at the trial in some form. Even those instances of so-called "clear error" generally are identifiable without requiring the reproduction of an entire trial record.

The fact that a different attorney conducts the appeal, and is not familiar with the original proceedings, as contended by the Office of Public Defender in representing this defendant, is an administrative choice of the defending office or agency, and cannot be used to enlarge the right to a full transcript.

Admittedly, such a procedure may improve appellate representation, but it cannot justify handicapping the appellate function.

Prejudice is the concern here. Discharge from imprisonment is neither the only nor the preferred alternative. Unless the alternatives do not satisfy the requirement of no prejudice, they must be resorted to by this Court first.

*The motion to vacate the conviction is dismissed.*