# State of Vermont v. Richard Kozikowski

[369 A.2d 1369]

No. 151-75

Present: **Barney, C.J., Daley, Larrow and Billings, JJ. and Smith, J.**
(Ret.) Specially Assigned

Opinion Filed February 1, 1977

*John A. Howard,* Orleans County State's Attorney, Newport, and *Michael Goldsmith,* Deputy State's Attorney, Burlington, for Plaintiff.

*James L. Morse,* Defender General, and *Charles S. Martin,* Appellate Defender, Montpelier, for Defendant.

**Per Curiam.** This is a motion seeking to vacate a conviction, based on the failure to furnish a trial transcript for purposes of appellate review. This is one of three cases argued the same day dealing with varying aspects of a single problem. Other facets are involved in the cases of *State* v. *Lawrence,* 135 Vt. 75, and *State* v. *Moquin,* 135 Vt. 94, all argued at the October term, 1976, and handed down with this case.

The present proceeding involves a trial by court for possession of marijuana, followed by conviction and appeal. On motion, sentencing proceedings were deferred and the defendant was released on bail. The public defender gave notice that a transcript was being ordered. All this occurred in June, 1975. The defendant has been continued on bail all this time, and the transcript is now complete.

The argument of the defendant for vacation of the conviction rests solely on the asserted denial by delay of the defendant's appellate remedy. There is no question but what the delay in providing a trial transcript in this case is much too long. It also must be conceded that the delay was occasioned through no fault of the defendant.

On the other hand, investigation reveals no negligence or neglect involved on any one else's part in this matter. The simple fact is that the number of criminal appeals has increased tremendously, with an accompanying increase in the demand for transcripts. There has been a recent increase in the number of homicide trials which have been conducted so as to require the services of more than one reporter. To put it bluntly, the burdens on the present reportorial system as organized in our judicial system from time to time outrun its rational capacity.

The state has established for defendants a right of appeal. 13 V.S.A. § 7401. If indigent, a transcript is to be furnished at state expense. 13 V.S.A. § 5231. A transcript, if required for appellate purposes, must be furnished as a matter of right under the United States Constitution. See *Entsminger* v. *Iowa*, 386 U.S. 748, 751-52 (1967). This compels the judicial branch to request, and the legislative branch to provide, as a matter of constitutional duty, the reportorial staff necessary to carry out this mandate.

It is apparent that this duty has not been satisfactorily discharged, as far as this defendant is concerned. However, where he has been at large no prejudice per se has been made to appear. If, upon the hearing of the appeal, some showing is made of handicap, it can be appropriately dealt with at that time by way of disposition of the appeal.

*Motion to vacate the conviction is denied.*