# State of Vermont v. Paul D. Lawrence

[369 A.2d 1368]

No. 91-75

Present: **Barney, C.J., Daley, Larrow and Billings, JJ. and Smith, J. (Ret.)
Specially Assigned**

Opinion Filed February 1, 1977

*Francis X. Murray,* Chittenden County State's Attorney, and *Michael Goldsmith,* Deputy State's Attorney, Burlington, for Plaintiff.

*John J. Welch, Jr., Ltd.,* Rutland, for Defendant.

**Per Curiam.** This is a case involving a delayed transcript. The defendant has appealed a conviction for perjury, and that appeal has been held up because of a lapse of over thirteen months before the record of trial testimony was available. The transcript has now been provided. The defendant has moved to be discharged from the judgment of conviction against him in this case.

The defendant contends that the delay has resulted in prejudice in that his minimum sentence has been prolonged. This argument is based on the fact that he was serving a sentence for a prior conviction, which would have run concurrently with the sentence in the present case. Instead, the date of commencement of the second sentence has been deferred. Time that could have been served producing "good time" credit has instead been time at large on bail.

This is a rather ingenious argument which is the reverse of the usual claim to be entitled to release on bail. In this case, such a release was granted at the request of the defendant. See *State* v. *Lawrence,* 133 Vt. 330, 340 A.2d 67 (1975). Thus the argument as

to loss of "good time" credit is unpersuasive to establish prejudice.

This is not to say that transcript delay is not serious, or may not create prejudice. It must be pointed out that in this case we are not confronted with a lost or otherwise permanently unavailable transcript, so the considerations of cases such as *Wemyss* v. *Viens*, 125 Vt. 81, 211 A.2d 238 (1965), and *Reynolds* v. *Romano*, 96 Vt. 222, 118 A. 810 (1922), do not apply. But it is a situation that has come about without fault of the parties, and there is a corresponding burden on the judicial branch to see that the burdens of operation do not become themselves additional burdens unfairly to be borne by parties.

The defendant suggests a duty on the part of the judicial branch to require, on constitutional grounds, that the legislature come forward with the funds necessary to fulfill the legislative purpose so clearly expressed in 4 V.S.A. § 797. Although the legislature cannot deny constitutional rights, it is a responsibility of the judiciary, as a separate branch, to first make the most effective use of the resources available to it. Having done that, the next step is to make the appropriate addresses to the legislature, the branch charged with the responsibility of financing the operations of government, for such additional funding as adequate judicial operations may require.

No resort to extraordinary remedies can be justified in this kind of situation, until these avenues have been exhausted. Administratively, the judicial branch is presently undertaking to explore both of these required preliminaries. The defendant's proposal must be turned aside as certainly premature, and, hopefully unnecessary.

The defendant has not demonstrated the prejudice necessary to justify the relief sought. His motion does not lie.

*The motion for judgment of dismissal is denied.*