**UNITED STATES of America, Appellee,**

v.

**Bobby Lee MALADY, Appellant.**

**No. 91–2489.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 10, 1992.

Decided March 20, 1992.

Daniel P. Reardon, Clayton, Mo., argued, for appellant.

Mitchell F. Stevens, St. Louis, Mo., argued, for appellee.

Before FAGG and BEAM, Circuit Judges, and GAITAN,* District Judge.

FAGG, Circuit Judge.

On September 26, 1989, burglars took three guns from Thomas Sutton's home in Piedmont, Missouri. Later, the Piedmont sheriff found the weapons in the possession of James Counts, a local tavern owner. After investigation, the Government charged Bobby Lee Malady with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924 (1988). Malady appeals his jury conviction. We affirm.

At Malady's trial, several witnesses testified for the Government. Counts testified he bought the guns from Malady without knowledge they were stolen. Sutton identified the weapons taken during the burglary of his home. Lorinda Sue Crowley, the girlfriend of Kenny Hess, Malady's friend and Sutton's neighbor, testified about conversations between Hess and Sutton she overheard on the day of the burglary. Crowley testified Malady and Hess discussed breaking into Sutton's home, and later, Malady said he had committed the burglary. John Tobin testified he was at Hess's home during these discussions. Tobin also testified he and Malady broke into Sutton's house on September 26th and Malady took two guns during the burglary.

█ When the sheriff testified, Malady sought to impeach Counts's testimony by revealing Counts's participation in the purchase of stolen goods and his motivation for fabricating his testimony. Malady contends the district court improperly precluded him from cross-examining the sheriff on these topics. A review of the record, however, shows the sheriff gave the desired testimony. At trial, Malady asked the sheriff whether Counts had a reputation of being a fence for stolen goods. Although the Government objected to this question, the district court overruled the objection. Malady proceeded with his line of questioning, and the sheriff testified about Counts's reputation in the community for being a fence. Thus, Malady's contention is meritless.

█ Malady also contends the district court should have allowed the sheriff to comment on Counts's veracity. During cross-examination, Malady asked the sheriff whether he believed Counts's statement that he did not know the guns were stolen. The Government objected, and the district court sustained the objection. Assuming the sheriff had sufficient contact with Counts, Malady could have asked the sheriff for his general opinion of Counts's truthfulness. *United States v. Cortez*, 935 F.2d 135, 139 (8th Cir.1991), *cert. denied*, — U.S. —, 112 S.Ct. 945, 117 L.Ed.2d 114 (1992); Fed.R.Evid. 608(a). Instead, Malady asked the sheriff whether he believed Counts's story. Because this is an impermissible means of impeachment, the district court properly sustained the Government's objection. *See Cortez*, 935 F.2d at 140; *United States v. Hall*, 854 F.2d 1036, 1042 (7th Cir.1988).

█ Finally, Malady contends we should grant him a new trial because part of the trial transcript is missing. The trial transcript does not contain Sutton's testimony or some of Crowley's testimony. Apparently, the court reporter lost this part of the recording. Malady asserts he cannot raise hearsay and other issues concerning Crowley's and Sutton's testimony without a transcript.

To safeguard a defendant's right to appellate review, a court reporter must record trial proceedings verbatim. 28 U.S.C. § 753(b) (1988); *United States v. Nolan*, 910 F.2d 1553, 1559 (7th Cir.1990),

---

* The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri, sitting by designation.

*cert. denied,* —— U.S. ——, 111 S.Ct. 1402, 113 L.Ed.2d 457 (1991). Nevertheless, the lack of a complete transcript does not necessarily require reversal. *Nolan,* 910 F.2d at 1560. To obtain reversal, a defendant must show the missing part of the transcript specifically prejudices the appeal. *Id.; United States v. Gillis,* 773 F.2d 549, 554 (4th Cir.1985). Prejudice exists when the appellate court cannot determine whether the district court committed reversible error. *Nolan,* 910 F.2d at 1560.

We conclude Malady has failed to show specific prejudice requiring reversal. Although Malady's appointed appellate attorney also represented Malady at trial, the attorney raises no specific assignments of error relating to the missing testimony. *See United States v. Snead,* 527 F.2d 590, 591 (4th Cir.1975) (per curiam). In addition, Malady did not attempt to reconstruct the missing testimony under Federal Rule of Appellate Procedure 10(c) or by any other method. *See Nolan,* 910 F.2d at 1560. We are able to review Malady's claims on appeal with the incomplete transcript. Moreover, the incomplete transcript contains sufficient evidence to support Malady's conviction. Thus, reversal of Malady's conviction is not warranted. *See id.*

Accordingly, we affirm.