### STATE of Vermont v. Robert LEMIRE

[640 A.2d 541]

No. 88-031

February 15, 1994. Appellant, Robert Lemire, who was convicted below of driving under the influence, moves for summary reversal of his conviction because no transcript is available for us to decide one of the issues on appeal. Defendant is represented by the appellate public defender, and the State supplied him a transcript of the proceedings below. However, a flood at the Defender General's office destroyed the transcript that was prepared, and defendant ordered another copy. The reporter has destroyed the notes of the jury drawing and sentencing and is unable to prepare a second transcript of those parts of the proceeding below. Arguing that the absence of a transcript of relevant proceedings below deprives him of his ability to appeal, defendant urges us to reverse his conviction and order a retrial as the only appropriate remedy.

Defendant argues that since he is indigent he has a statutory right to a transcript under 13 V.S.A. § 5231(2). See *State v. Kozikowski,* 135 Vt. 93, 94, 369 A.2d 1369, 1370 (1977) (citing § 5231). The remedy for breach of that duty is reversal. See *State v. Harvey,* 135 Vt. 549, 550, 382 A.2d 210, 210 (1977) (reversal when errors in record render "just review of the questions raised on appeal . . . impossible"). This analysis may apply to the total failure of the State to supply a transcript. No statute or rule requires, however, that the State supply a transcript twice where the transcript is lost or destroyed after it is delivered by the reporter.

Defendant's remedy, if any, rests on his constitutional right to a transcript, see *Griffin v. Illinois,* 351 U.S. 12, 19 (1956), and his right to effective assistance of counsel. See *Evitts v. Lucey,* 469 U.S. 387, 397 (1985). The former right is connected to defendant's right to a fair appeal.

Denial of this right is not shown only by the absence of a transcript:

> Instead, in order to demonstrate denial of a fair appeal, petitioner must show prejudice resulting from the missing transcripts. Although this court recognizes the difficulty in demonstrating prejudice where the transcripts are missing, petitioner must present something more than gross speculation that the transcripts were requisite to a fair appeal.

*Bransford v. Brown*, 806 F.2d 83, 86 (6th Cir. 1986) (citations omitted), *cert. denied*, 481 U.S. 1056 (1987); see also *Ortiz-Salas v. I.N.S.*, 992 F.2d 105, 106 (7th Cir. 1993) (petitioner must make best feasible showing that complete and accurate transcript would change case outcome); *White v. Florida*, 939 F.2d 912, 914 (11th Cir. 1991) (defendant must show prejudice from imperfect transcript), *cert. denied*, 503 U.S. 910, 112 S. Ct. 1274 (1992); *Mitchell v. Wyrick*, 698 F.2d 940, 941–42 (8th Cir.) (same), *cert. denied*, 462 U.S. 1135 (1983).

If we analyze this as an ineffective assistance of counsel case because the transcript was destroyed while in the custody of counsel, the result is similar. To demonstrate ineffective assistance of counsel, defendant must show both inadequate legal representation and that "there is a reasonable probability that, but for counsel's . . . errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The *Strickland* standard applies to a claim of ineffective assistance of counsel on appeal. See *Bransford*, 806 F.2d at 86; *People v. Valdez*, 789 P.2d 406, 410 (Colo.), *cert. denied*, 498 U.S. 871 (1990);

*People v. Caballero*, 533 N.E.2d 1089, 1096 (Ill. 1989). Thus, to find ineffective assistance of counsel in this instance, we must find there is a reasonable probability that the result of the appeal would be different if the transcripts were available.

We require that ineffective assistance of counsel be raised in post-conviction relief proceedings so that review can be based on a full evaluation of all relevant issues, not just those shown by the existing record. See *State v. Campanelli*, 142 Vt. 362, 366, 454 A.2d 1248 , 1251 (1982). Whether or not we label this an ineffective assistance of counsel case, the reasons for requiring resort to collateral relief apply here. Before a remedy can be fashioned because a transcript is destroyed while in the custody of counsel, it will be necessary to take evidence of what transpired in the trial in relation to defendant's claims of error to determine if there is a reasonable probability that the result on appeal would be different if the transcript were available. We cannot address the question on direct appeal from the proceeding for which the transcript has been destroyed.

We deem the record complete as of the date of this order so that the deadlines for briefing can proceed according to the rules. Counsel should brief the claims of error that can be made without the missing transcript. If the conviction is affirmed, defendant may pursue collateral relief as set forth in this order.

*Motion for summary reversal denied.*