**STATE of Vermont v. Bernard SAGE**

[641 A.2d 115]

No. 92-204

March 23, 1994. Defendant, Bernard Sage, who was convicted of failing to file tax returns and of operating a restaurant without a rooms and meals license, moves for summary reversal of his conviction because the stenographic notes for one day of the three-day trial are missing and thus no transcript of that

634

day can be produced. We deny appellant's motion, and remand for further action in the district court.

We first note that the record available to us does not support defendant's claim that the transcript was "duly ordered." While there is some indication that defendant attempted to order transcripts shortly after the trial in the fall of 1991, this Court has no record of a transcript order before May 1992, when defendant was directed to file a docketing statement and transcript order. Apparently, defendant failed to pay the required deposit, however, and another entry order requiring a proper transcript order and deposit was issued in October 1992. Eventually, the public defender entered an appearance for defendant, who was represented by private counsel at trial, and a transcript order was filed in February 1993. Thus, while it is not clear that the notes would have been available assuming defendant had properly ordered the necessary transcripts, it appears that defendant is not blameless regarding the year-long delay in completing the record.

Even if we were to assume that the notes would not have been available had defendant ordered the transcript in a timely manner, however, neither due process nor equal protection requires reversal and a new trial in every case in which the transcript is lost. See *United States v. Malady,* 960 F.2d 57, 59 (8th Cir. 1992) (lack of complete transcript does not necessarily require reversal); *Bransford v. Brown,* 806 F.2d 83, 85–86 (6th Cir. 1986) (citing other courts for proposition that failure to produce transcript is not per se constitutional violation, and holding that where appellate attorney had opportunity to communicate with trial counsel, absence of jury instruction transcripts was not per se denial of due process right to

fair trial), *cert. denied,* 481 U.S. 1056 (1987); *State v. Hart,* 514 P.2d 1243, 1245 (Ariz. 1973) (United States Supreme Court does not mandate reversal every time transcript is lost through no fault of defendant). Defendant's reliance on *State v. Kozikowski,* 135 Vt. 93, 94, 369 A.2d 1369, 1370 (1977) (per curiam), is unavailing. *Kozikowski* is based on the United States Supreme Court's holding that the federal constitution requires states to make transcripts available to indigent defendants as well as to those who can afford them. 135 Vt. at 94, 369 A.2d at 1370; see *Griffin v. Illinois,* 351 U.S. 12, 19 (1956). The Supreme Court, however, has refused to extend the *Griffin* holding to cases in which the transcript is unavailable. See *Bransford,* 806 F.2d at 85 (citing *Norvell v. Illinois,* 373 U.S. 420 (1963)).

As we recently stated in *State v. Lemire,* 161 Vt. 624, 624–25, 640 A.2d 541, 542 (1994) (mem.), because a defendant's right to a transcript stems from the right to a fair trial, the defendant must show prejudice resulting from the missing transcripts. Further, such a showing cannot be made merely by speculating that the missing transcript might have uncovered unspecified errors. *Bransford,* 806 F.2d at 86; see *State v. Moquin,* 135 Vt. 94, 96, 369 A.2d 1371, 1372–73 (1977) (per curiam) ("The function of appellate or post conviction review is not one of searching a record to find grounds to argue to this Court. It is to review the proceedings in the light of claims of error made at the trial in some form."). The requirement that defendant show prejudice is consistent with our earlier rulings regarding missing or inadequate transcripts. See *In re S.B.L.,* 150 Vt. 294, 297, 553 A.2d 1078, 1081 (1988) (appellant failed to show that loss of transcript "clearly prejudiced him");

*State v. Harvey*, 135 Vt. 549, 550, 382 A.2d 210, 210 (1977) (transcript in murder case "so fraught with error that a just review of the questions raised on appeal is impossible"); *Wemyss v. Viens*, 125 Vt. 81, 82, 211 A.2d 238, 239 (1965) (per curiam) (since lack of transcript prevents just review of issues raised on appeal, new trial granted).

Here, defendant's post-trial motions and his docketing statement suggest that the only issue on appeal is whether the verdict is supported by the evidence. Apparently, the transcribed portions of the trial include the majority of the State's case against defendant. Our standard of review on appeal regarding sufficiency of the evidence is whether the evidence, when viewed in a light most favorable to the State and excluding any modifying evidence, is sufficient to fairly and reasonably support a finding of guilt beyond a reasonable doubt. *State v. Robar*, 157 Vt. 387, 391, 601 A.2d 1376, 1378 (1991). Given this standard, it is not clear how the missing transcript in this case prejudices defendant. Other than stating the general claim that an adequate review of the case is impossible without the entire transcript, defendant makes no attempt to show prejudice. Accordingly, his motion must be denied at this juncture.

Although defendant's appellate counsel made some initial informal steps to reconstruct the record by speaking to defendant's trial counsel, he made no attempt to submit notes provided by the prosecuting attorney to the judge who presided over the trial to determine whether a statement reconstructing the missing day's testimony could be worked out. See V.R.A.P. 10(c); see also *State v. Jefferson*, 460 P.2d 610, 613 (Kan. 1969) (construing rule virtually identical to V.R.A.P. 10(c), court held that "[t]he burden is on the appealing party to initiate the necessary proceedings to reconstruct a secondary record"). Therefore, defendant must still attempt to reconstruct the record according to the procedure set forth in V.R.A.P. 10(c), preferably before the trial court judge that presided over his trial. See *Felton v. State*, 523 So. 2d 775, 776 (Fla. Dist. Ct. App. 1988) (despite lack of success of informal efforts to reconstruct record, court remanded matter to trial court to formally undertake effort at reconstruction).

On remand, the district court must first consider whether defendant properly ordered the transcript and, if not, whether the missing notes would have been available had he done so. If the court determines that defendant did not properly order the transcript, and that the missing notes would have been available had they been properly ordered, the record will be deemed complete. Cf. *In re S.B.L.*, 150 Vt. at 297–98, 553 A.2d at 1081 (appellant not in position to claim missing portion of transcript prejudiced him where he failed to order parts of transcript that were available). If the court determines that the transcript would not have been available even if the transcript had been properly ordered, it must then determine whether it is possible to reconstruct the record based on the notes and memories of the judge, attorneys and witnesses. If the record can be reconstructed, the record will be deemed complete. On the other hand, if the court concludes that reconstruction of the record is impossible, it must make findings regarding whether defendant has shown specific prejudice resulting from the missing portion of the transcript. If no prejudice is shown, the record will be deemed complete. If prejudice is shown, a new trial will be

granted. This Court shall retain jurisdiction, and the trial court shall report its findings within ninety days of this entry order.

*The motion for summary reversal is denied. The matter is remanded for further proceedings in accordance with this order.*