STATE OF VERMONT

ENVIRONMENTAL COURT

| | | |
|---|---|---|
| | } | |
| In re: Sprague Farms, LLC | } | Docket No. 107-6-08 Vtec |
| (Appeal of Angell, et al.) | } | |
| | } | |

Decision and Order on Motion for De Novo Review

Appellants Philip A. Angell, Jr., Rosalie M. Angell, David Deep, Joseph Duranchinski, Arthur Fisher, Betsy D. Hale, Norman R. Runnion, and Christian T. Scheindel appealed from a decision of the Development Review Board (DRB) of the Town of Randolph, granting Cross-Appellant Sprague Farms, LLC conditional use and site plan approval for a ledge quarry with stone crushing, on property located on Ridge Road in Randolph. Appellants are represented by Stephen Reynes, Esq. and Jesse L. Moorman, Esq. Cross-Appellant is represented by Christopher J. Nordle, Esq. and William A. Senning, Esq. The Town has appeared through its Zoning Administrator, Mardee A. Sánchez.

The DRB forwarded the record for this appeal on June 13, 2007, including the Memorandum of Decision, the application overview form, the application forms for zoning permit application, site plan review, and local Act 250 review, 47 exhibits (site plans provided in Exhibit 10 are in reduced size version only), and an audio CD of the hearings held on January 29, 2008, February 26, 2008, and March 25, 2008. The Zoning Administrator stated in her cover letter that the audio tape of the September 25, 2007 hearing would be sent under separate cover. She also stated that she had not provided, but could provide, her "staff reports for the hearings," the "public notification materials," and "miscellaneous correspondence between me and the appellant."

The DRB held hearings at which evidence was taken[1] on September 25, 2007, January 29, 2008, February 26, 2008, and March 25, 2008. The record includes a copy of the audio CD of the January 29, 2008, February 26, 2008, and March 25, 2008 hearings. However, the Zoning Administrator notified the Court and the parties that the audio tape of the September 25, 2007 hearing is missing. In a June 23, 2008 Entry Order, the Court granted the parties' motion to postpone the required filing of the Statements of Questions until after the transcript of the DRB hearings in this matter becomes available.

The Court held the initial conference in this matter on July 8, 2008. At that conference, the Zoning Administrator informed the Court and the parties that the portion of the September 25, 2007 hearing attributed to this matter had occupied approximately half an hour, and that she maintained detailed handwritten notes of the hearings for her own purposes. The Court requested her to transcribe and provide the parties with her notes from the September 25, 2007 hearing, and directed the parties to V.R.A.P. 10(c) for the procedure for reconstruction of a missing portion of a record in an on-the-record case. Appellants have now moved for this appeal to proceed under a <u>de novo</u> standard of review, arguing that an on-the-record review is no longer appropriate, on the grounds that the record is incomplete due to the missing audio tape.

Prior to 1995, the superior courts had jurisdiction of appeals from decisions of municipal zoning boards of adjustment and planning commissions. Parties were entitled to a <u>de novo</u> trial; there was no provision for on-the-record review. See

---

[1] The DRB decision states that it considered the matter at three other hearings at which no evidence was taken on October 30, 2007, November 27, 2007, and December 18, 2007; the application overview form kept by the DRB staff states that at each of these hearings the matter was simply continued to the next hearing date. Exhibit 37 filed by Appellant Philip Angell states in its second paragraph that "[t]he January 29th hearing was the first evidentiary hearing."

legislative history outlined in In re Appeals of Dunnett, Nos. E96-132 and E96-133, slip op. at 1–2 (Vt. Envtl. Ct. Aug. 28, 1997), aff'd sub nom. In re Dunnett, 172 Vt. 196 (2001).

Amendments to 24 V.S.A. § 4471, effective March 15, 1995, gave the Environmental Court jurisdiction of appeals from zoning boards of adjustment and planning commissions. See 1993, No. 232 (Adj. Sess.), § 48. The same statute provided for the first time for municipalities to create development review boards (DRBs) to take on the permit-issuing and adjudicatory functions of the former zoning boards of adjustment and planning commissions.

In those municipalities with DRBs, the statute also allows them to elect to make appeals to this Court on the record rather than de novo. In order for a municipality to have its appeals considered on the record, it is required to meet all three of the following statutory prerequisites found in 24 V.S.A. § 4471(b). The legislative body of the municipality must "provide that appeals of certain appropriate municipal panel determinations shall be on the record;" must define the "magnitude or nature of development proposal[s]" that will be handled with the on-the-record procedures; and must "provide[] that the municipal administrative procedure act [24 V.S.A. §§ 1201–1210] shall apply" to those appeals. 24 V.S.A. § 4471(b).

The Randolph Selectboard has taken each of these steps; since at least mid-2001, appeals from its DRB to the Environmental Court have been on-the-record appeals. E.g., In re E. Randolph Meadows Corp., No. 146-7-07 Vtec (filed in July 2007); In re Blakeman, No. 167-8-05 Vtec (filed in August 2005); In re Randolph Town Office Zoning Appeal, No. 106-6-05 Vtec (filed in June 2005); In re Appeal of Walters, No. 206-11-03 Vtec (filed in November 2003); In re Blakeman, No. 72-5-03 Vtec (filed in May 2003); In re Appeal of Walters, No. 14-1-03 Vtec (filed in January 2003); In re Appeal of Walters, No. 234-10-02 Vtec (filed in October 2002); In re Appeal of French, No. 98-7-01 Vtec (filed in July 2001).

3

A DRB's failure to follow one or more of the procedural requirements to which it is subject may require remand of a particular proceeding to the DRB, see, e.g., Appeal of Blakeman, No. 73-5-02 Vtec, slip op. at 6 (Vt. Envtl. Ct. Jan. 15, 2004), or may result in a decision on appeal invalidating the DRB's decision, see, e.g., Appeal of Leikert, No. 132-8-03 Vtec (Vt. Envtl. Ct. May 3, 2004), vacated and remanded to DRB sub nom. In re Appeal of Leikert, No. 2004-213 (Vt. Nov. 10, 2004) (unpublished mem.). The Town or the parties themselves may request a remand for this reason. V.R.E.C.P. 5(i).

Such a failure by the DRB does not, however, result in the conversion of an on-the-record appeal to a de novo one, any more than the Vermont Supreme Court would decide to take new evidence itself, if a trial court record were inaudible or the trial court's recording equipment had failed. See, e.g., ANR v. McLain Logging, No. 178-11-97 Vtec (Vt. Envtl. Ct. May 15, 2000), aff'd, No. 1999-036 (Vt. Nov. 16, 2000) (unpublished mem.).

In re Dunnett, 172 Vt. 196 (2001), involved two appeals filed in Environmental Court in mid-1996. These appeals were the first appeals from the Ludlow DRB after the Town of Ludlow had attempted to adopt on-the-record review under the 1995 statutory changes. Because the Town had not made provisions to make an audio-taped or other record of the DRB proceedings that would be capable of being transcribed, as required by the Municipal Administrative Procedure Act, 24 V.S.A. § 1205(c), but instead relied on the meetings' minutes, the Court ruled that it failed to meet the third prerequisite of 24 V.S.A. § 4471(b). That is, the Town of Ludlow had not succeeded in adopting the procedures necessary for on-the-record review, leaving appeals from its DRB's decisions de novo with this Court. By contrast, the Town of Randolph has long-since adopted the procedures necessary for on-the-record review under 24 V.S.A. § 4471(b). The DRB did record the September 25, 2007 hearing, but the recording has been lost. Here it is the record itself, not the recording method required to qualify for on-the-record review, which is faulty.

4

When the record itself is faulty, V.R.A.P. 10(c), made applicable in Environmental Court proceedings through V.R.E.C.P. 5(h)(1)(A), provides a procedure for reconstructing all or part of the record. Under V.R.A.P. 10(c), when a portion of the transcript is unavailable, the appellant is directed to use "the best available means, including the appellant's recollection" to prepare a statement of the portion of the proceedings corresponding to the unavailable transcript. The appellant then serves the statement on the appellee, who has an opportunity to object or propose amendments to the statement. V.R.A.P. 10(c).

Unless Appellants can show that "clear[] prejudice" would result from the absence in the record of the actual audio tape of the September 25, 2007 hearing (as compared with a reconstructed transcript)[2], the procedure described in V.R.A.P. 10(c) must be used to reconstruct the record. See In re S.B.L., 150 Vt. 294, 297–98 (1988); see also State v. Sage, 161 Vt. 633, 634–35 (1994).

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellants' Motion for De Novo Review is DENIED. A telephone conference has been scheduled (see enclosed notice) to discuss the methodology for reconstruction of the record under V.R.A.P. 10(c). The parties should be prepared to state at the conference any agreement or other proposed schedule for reconstruction of the missing portion of the record.

Done at Berlin, Vermont, this 4th day of November, 2008.

_____
Merideth Wright
Environmental Judge

---

[2] Even if Appellants were to establish clear prejudice, the remedy would be remand to the DRB under V.R.E.C.P. 5(i), not conversion of this Court's proceedings from on-the-record to de novo review.

5