# STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
                                                 Docket No. 81-7-15 Vtec

| Okemo Mtn. School Fitness Facility CU/SP |
|---|

## ENTRY REGARDING MOTION

Count 1, Municipal DRB Multiple Types OTR (81-7-15 Vtec)

Title:          Motion to Strike (Motion 4)
Filer:          Sports Odyssey, Inc., Joseph & Steven L. Rolka
Attorney:       David L. Grayck
Filed Date:     April 20, 2016

Response in Opposition filed on 05/02/2016 by Attorney Lawrence G. Slason for Appellee Okemo Mountain School

Reply filed on 05/16/2016 by Attorney David L. Grayck for Appellant Sports Odyssey, Inc., et. al.

Objection filed on 06/10/2016 by Attorney David L. Grayck for Appellant Sports Odyssey, Inc.

**The motion is GRANTED IN PART and DENIED IN PART.**

This motion is actually comprised of three successive motions to strike.

Steve Rolka, Joseph Rolka, and Sports Odyssey, Inc. ("Appellants") moved to strike Okemo Mountain School's ("OMS") Surrebuttal, filed April 15, 2016, for "material misrepresentation of facts." Mot. to Strike at 1. In the Surrebuttal, OMS indicates that the Town of Ludlow Development Review Board ("the DRB") took "official notice" of Exhibit 3. Surrebuttal at 1. Appellants argue that the record shows that the DRB neither took "official notice" of, nor admitted, Exhibit 3 during a May 11, 2015 hearing.

In a May 2, 2016 response, OMS explains that all exhibits were admitted at the hearing, with Appellants reserving their objection to Exhibit 3. However, this portion of the hearing was inadvertently excluded from the record due to the DRB recording clerk changing the audio tape. OMS later obtained a video recording of the same hearing made by Ludlow Plymouth Cavendish TV, which OMS claims includes the missing part of the hearing. OMS produced a typed transcript of the missing portion of the hearing, using the video recordings, and submitted the transcript with its response filing.

Appellants filed a motion to strike OMS's response on May 16, 2016, arguing that this attempt to supplement the record violates 24 V.S.A. § 1209(f) and V.R.E.C.P. 5(h)(1)(A) and (B).

On May 25, 2016, OMS filed a "Supplementation of Record," which consists primarily of the DVD recordings that OMS claims are of the May 11 hearing.

Appellants moved to strike the Supplementation of Record on June 10, 2016, again claiming a violation of 24 V.S.A. § 1209(f) and V.R.E.C.P. 5(h)(1)(A) and (B).

In short, appellants argue in their various motions to strike that the record does not show that Exhibit 3 was admitted, and that any attempt on OMS's part to supplement the record with a portion of the hearing that may have been omitted violates the Municipal Administrative Procedure Act (MAPA) at 24 V.S.A. § 1209(f), along with V.R.E.C.P. 5(h)(1)(A) and (B).

We addressed a similar issue in In re Sprague Farms, LLC, No. 107-6-08 Vtec slip op. (Vt. Envtl. Ct., Nov. 4, 2008) (Wright, J.). In that case, Appellants appealed a conditional use and site plan approval by the Town of Randolph Development Review Board, on the record. Id. at 1. In preparing the record for appeal, the Zoning Administrator discovered that the recording of one of the four hearings on the issue was lost. Id. at 2. The Court held that the parties should turn to the procedure set out in V.R.A.P. 10(c), made applicable in Environmental Court proceedings through V.R.E.C.P. 5(h)(1)(A). Id. at 2, 5. Appellate Rule 10(c) was later slightly amended and moved to V.R.A.P. 10(d), and now reads as follows:

> If a transcript is unavailable, the appellant may prepare a statement of the evidence from the best available means, including the appellant's recollection. The statement must be served on the appellee, who may serve objections or proposed amendments within 10 days after being served. The statement and any objections or proposed amendments must then be submitted to the superior court for settlement and approval. As settled and approved, the statement will be included by the superior court clerk in the record on appeal.

In Sprague Farms, the Court ordered that this procedure "must be used to reconstruct the record" unless a party could show that doing so would result in "clear[] prejudice." Id. at 5 (citing In re S.B.L., 150 Vt. 294, 297–98 (1988); State v. Sage, 161 Vt. 633, 634–35 (1994)). The Court explained in a footnote that if "clear prejudice" would result, then the matter would be remanded to the DRB pursuant to V.R.E.C.P. 5(i). Id. n.2.

The provisions set out in V.R.A.P. 10(d) apply here. OMS has identified an apparent inadvertent omission in the record, and has attempted to reconstruct the record. According to a certificate of service filed with the Court, OMS has already sent copies of the video recordings and typed transcript identifying the omitted portions of the record to Atty. Grayck, which complies with the first part of Rule 10(d).

In order to comply with the rest of the rule, Atty. Grayck must be given ten days to serve objections or proposed amendments to the revised transcript that OMS has prepared from the video recording. Because Atty. Grayck already has the videos in question, that ten-day period begins to toll the day this order is issued. We therefore direct that Atty. Grayck and his clients shall have until 4:00 PM on **Monday, October 17, 2016**, to serve his objections or proposed amendments to the offered revised transcript. After receiving any objections or proposed amendments, OMS shall send its prepared statement, along with any objections or proposed amendments of its own, to the DRB for settlement and approval by 4:00 PM on **Monday, October**

**24, 2016**.  The DRB shall then submit the approved statement to the Court by4:00 PM on **Monday, October 31, 2016**.  Having the DRB submit the final statement will address Atty. Grayck's concerns that the process comply with 24 V.S.A. § 1209(f), V.R.E.C.P. 5(h)(1)(A) and (B), and V.R.A.P. 10.

We reserve ruling on the motion to strike, filed April 20, 2016, pending completion of the Rule 10(d) process. The motion to strike regarding the supplemental transcript, filed May 16, 2016, and motion to strike the Supplementation of Record, filed June 10, 2016, are **Granted** insofar as the supplemental material submitted by OMS will not be considered as part of the record or reviewed by the Court unless and until they come to the Court through the process set out in V.R.A.P. 10(d).

**So ordered.**

Electronically signed on September 30, 2016 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division

Notifications:
David L. Grayck (ERN 4510), Attorney for Appellants Sports Odyssey, Inc., Joseph
      & Steven L. Rolka.
J. Christopher Callahan (ERN 3603), Attorney for Interested Person Town of Ludlow
Lawrence G. Slason (ERN 2443), Attorney for Appellee Okemo Mountain School