**Thomas CASALMAN and James Latch, Appellants,**

v.

**Joseph W. UPCHURCH, suing as father of Joseph W. Upchurch, Jr., a minor, Appellee.**

**No. 24919.**

United States Court of Appeals Fifth Circuit.

Dec. 13, 1967.

Rehearing Denied Feb. 1, 1968.

Charles E. Sharp, William H. Mills, Birmingham, Ala., for appellants.

Byron D. Boyett, Talladega, Ala., Alex W. Newton, Francis Hare, Jr., Birmingham, Ala., for appellee.

Before COLEMAN and SIMPSON, Circuit Judges, and DAWKINS, District Judge.

SIMPSON, Circuit Judge:

The appellants, Casalman and Latch, were respectively the driver and owner of a large over-the-road truck hauling tomatoes from Pompano Beach, Florida, to Memphis, Tennessee, both citizens and residents of Tennessee. Shortly after midnight on February 14, 1965, the truck was involved in a collision on U. S. Highway 82 about seven miles west of Gordo, Alabama, with a Volkswagen automobile driven by Joseph W. Upchurch, Jr., a student at the University of Alabama, who was traveling alone. The Volkswagen was proceeding easterly toward Tuscaloosa, Alabama, and the truck was headed west toward Memphis. Young Upchurch was killed instantly in the collision. Both the deceased and the plaintiff here, his father, were citizens and residents of Alabama, and the case was tried below under applicable Alabama statutes and case law under the diversity jurisdiction of the trial court.[1]

At the location involved U. S. 82 is a two-lane paved highway with the typical dividing center stripe. At the

1. Title 28, U.S.C. Sec. 1332.

trial the factual disputes centered around the question of the precise point of collision between the left front of the truck and the left front of the Volkswagen. Each side contended that the opposing vehicle was across the center line at the time of the collision. The trial below was before a jury whose verdict for the plaintiff put to rest these questions of fact. The testimony was in sharp conflict, and may be fairly said to have been sufficient to support a verdict for either party. These questions are now at rest.

Other questions raised on appeal pertaining to the voir dire examination of the jurors, the trial court's refusal, to grant a new trial upon the basis of newly discovered evidence, and claimed error in the trial court's jury instructions have been examined and found to be without merit.

■■ One additional question raised on appeal requires brief comment. Contrary to the requirements of the court reporters' statute (Title 28, U.S.C. Sec. 753 and specifically sub-section (b) thereof),[2] the closing arguments of counsel to the jury were not recorded by the court reporter. Counsel for the appellants objected several times during the argument of counsel for appellee (the plaintiff below) to statements claimed to be prejudicial. As we held in *Calhoun* (Footnote 2, supra) the requirements of 28 U.S.C. 753(b) are "mandatory, not permissive". It is the duty of the reporter to transcribe the argument, and it is the duty of the trial judge to see that the statutory requirements are met. Without going into the nature of the remarks claimed to be prejudicial, and also without pausing to delineate the manner in which appellants' counsel sought and failed properly to preserve this point for appellate review, suffice to say for our purposes here that the appellants have failed to demonstrate prejudicial error arising from the admitted failure below to comply with 753 (b). We emphasize, nevertheless, that

in civil as well as in criminal cases trial judges in this circuit are required to see that the statute is complied with.

Affirmed.

---

2.   Calhoun v. United States, 5 Cir., 384 F.2d 180, decided July 19, 1967.