**UNITED STATES of America,
Appellee,**

v.

**Vaughan SNEAD, Appellant.**

**No. 75–1156.**

United States Court of Appeals,
Fourth Circuit.

Argued Aug. 22, 1975.

Decided Nov. 11, 1975.

---

William A. Borders, Jr., Washington, D.C. (Ruth R. Banks on brief) for appellant.

Edward Baird, Asst. U. S. Atty. (William B. Cummings, U. S. Atty., and J. Brian Donnelly, Asst. U. S. Atty., on brief) for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and CRAVEN, Circuit Judges.

PER CURIAM:

The defendant, convicted in the Eastern District of Virginia, of participation in a conspiracy to distribute narcotics, objects that the testimony does not show that he was ever in Virginia.

The testimony does show that he was selling narcotics of substantial quantities to two co-conspirators who were distributing them at retail in Franklin, Virginia, almost 200 miles from the District of Columbia. Each purchase from Snead was arranged in advance by telephone calls to him from his co-conspirators who sought his advice about such things as retail pricing. One of the co-conspirators testified to a telephone call received from Snead which had been placed either to her or to the other co-conspirator.

■ From all of this, it was clearly inferable that Snead knew that his co-conspirators were distributing the drugs in the Eastern District of Virginia. Even if he did not know, however, each member of the conspiracy is responsible for the acts of the others in furtherance of the conspiracy, and all conspirators may be tried where any of those acts are performed. *Hyde v. United States*, 225 U.S. 347, 32 S.Ct. 793, 56 L.Ed. 1114 (1912); *see generally* 1 C. Wright, Federal Practice & Procedure § 303 (1969).

■ Complaint is made of the fact that bench conferences were not taken down by the reporter. Counsel was informed that he could dictate the substance of each conference to a reporter during recesses and defense counsel availed himself of that opportunity with respect to some of the bench conferences.

A statute, 28 U.S.C. § 753(b), requires the recording "verbatim by shorthand or by mechanical means which may be augmented by electronic sound recording . . . [of] *all* proceedings in *criminal* cases *had in open court* . . . ." (Emphasis added.) The direction is simple and clear; the statute should be obeyed. *See United States v. Jenkins*, 442 F.2d 429, 438 (5 Cir. 1967); *Casalman v. Upchurch*, 386 F.2d 813 (5 Cir. 1967); *Calhoun v. United States*, 384 F.2d 180 (5 Cir. 1967); *Brown v. United States*, 314 F.2d 293 (10 Cir. 1963).

Our examination of the record in this case convinces us that no actual prejudice resulted in this instance, but the practice of noncompliance with the statute seems fraught with potential for mistake and possible prejudice, particularly if bench conferences are frequent and numerous and recesses infrequent. It may be too much to place upon defense counsel the burden for accurately summarizing those conferences which may be important to the presentation of an appeal. However, not only does the record not reveal any prejudice, but counsel was unable to suggest any on the basis of the conferences which do not appear in the record. Since we find no prejudice to the defendant in this case, a new trial will not be required.

We have examined the other contentions and found them meritless.

*Affirmed.*