**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-5155**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

COREY RESHON SIMPSON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (CR-04-326)

Submitted:  December 22, 2006          Decided:  January 19, 2007

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Robert John Gleason, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Corey Reshon Simpson was convicted by a jury of one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2000). Simpson was sentenced to 155 months' imprisonment. We affirm the conviction and sentence.

On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there were no meritorious grounds for appeal, but raising the following issues: (1) the district court erred by holding an off-the-record bench conference; (2) the court's instruction to the jury was improper; and (3) the Government's closing argument contained improper remarks. Although Simpson was notified of his right to file a pro se supplemental brief, he did not do so.

As Simpson raises each of these issues for the first time on appeal, review is for plain error. See United States v. White, 405 F.3d 208, 215 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005). To establish plain error, Simpson must show that an error occurred, that the error was plain, and that the error affected his substantial rights. Id.

First, Simpson contends that the district court erred by holding an off-the-record bench conference. In criminal cases, all proceedings held in open court, including bench conferences, see generally United States v. Snead, 527 F.2d 590 (4th Cir. 1975) (per curiam), must be recorded verbatim. See 28 U.S.C. § 753(b) (2000).

This requirement "safeguard[s] a defendant's right to appellate review." United States v. Gillis, 773 F.2d 549, 554 (4th Cir. 1985). Responsibility to ensure compliance with § 753 lies with the court, not the reporter or the parties. See United States v. Gallo, 763 F.2d 1504, 1530 (6th Cir. 1985); United States v. Garner, 581 F.2d 481, 488 (5th Cir. 1978). Accordingly, violations of the statute ordinarily constitute judicial error.

However, the error does not warrant reversal unless the defendant can demonstrate that the missing portion of the transcript specifically prejudices his efforts to appeal. See Gillis, 773 F.2d at 554. "Prejudice is found when a trial transcript is so deficient that it is impossible for the appellate court to determine if the district court has committed reversible error." United States v. Huggins, 191 F.3d 532, 537 (4th Cir. 1999) (internal quotation marks omitted).

While the district court erred by failing to ensure compliance with § 753, Simpson does not claim, and nothing in the joint appendix suggests, that the omission of a single bench conference renders the trial transcript so inadequate as to make Simpson's substantive assignments of error unreviewable. Therefore, we conclude Simpson has failed to establish that the omission prejudiced his ability to effect a meaningful appeal.

Next, Simpson contends that the district court improperly instructed the jury. Parts of a jury instruction should not be

viewed in isolation, but should be considered in light of the instruction as a whole. United States v. Morrison, 991 F.2d 112, 116 (4th Cir. 1993). Even if it is determined that "the trial court erroneously instructed the jury, '[i]t is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court.'" United States v. Muse, 83 F.3d 672, 678 (4th Cir. 1996) (quoting Henderson v. Kibbe, 431 U.S. 145, 154 (1977)).

Simpson challenges the following portion of the district court's instruction to the jury:

> Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

He argues that this instruction shifted the burden of proof to the defense by implying that he should present evidence on his own behalf. Simpson further argues that the instruction called for a credibility-weighing test that was more similar to a preponderance of the evidence standard than to proof beyond a reasonable doubt.

The challenged instruction was directly preceded by the court's instruction regarding the defendant's "constitutional right not to take the stand and testify and not to speak at all or offer evidence." Thereafter, the court reminded the jury that the burden of proof rests "entirely" on the government. Therefore, when

- 4 -

considering the instruction as a whole, and in light of the fact that Simpson did not object to the instruction at trial, we conclude the challenged instruction does not warrant reversal.

Finally, Simpson contends that the Government's closing argument, as it pertained to the gunshot residue evidence, was improper. We review a claim of prosecutorial misconduct "to determine whether the conduct so infected the trial with unfairness as to make the resulting conviction a denial of due process." United States v. Scheetz, 293 F.3d 175, 185 (4th Cir. 2002) (internal quotation marks omitted). The misconduct will constitute reversible error if the defendant can establish (1) that the prosecutor's remarks or conduct were improper and (2) that the remarks or conduct prejudicially affected the defendant's substantial rights so as to deprive him of a fair trial. Id. Relevant factors in the determination of prejudice include:

> (1) the degree to which the prosecutor's remarks had a tendency to mislead the jury and to prejudice the defendant; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the defendant; (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters; (5) whether the prosecutor's remarks were invited by improper conduct of defense counsel; and (6) whether curative instructions were given to the jury.

Id. at 185-86.

The gunshot residue evidence presented at trial was inconclusive on the ultimate question of who fired, and thereby possessed, the weapon at issue. Though the gunshot residue test

indicated that Simpson had "elevated levels of barium on [his] right palm," and the other two individuals present did not, the test was not determinative of who fired the weapon on the night in question.

During its closing argument, the Government stated that the gunshot residue test was inconclusive, but argued:

> [The gunshot residue expert] found on the defendant's wipings from his right hand elevated levels of barium. Barium is one of the three components of gunshot residue. And [the expert] found elevated levels on that hand. Now, the defense may try to tell you that [another individual] was the shooter. Well, that would be physically impossible because we know where the shell casings were, we know where the passenger was in the vehicle. But regardless, the wipings from [the other individual's] hands showed no significant amounts of barium, antimony or lead. That if there were any amounts found on [the other individual's] wipings, that they were below the threshold. They were background amounts. There was no elevated level of barium like there was in the defendant's case.

Additionally, the Government reminded the jury in its rebuttal that "the defendant is not excluded as having possibly fired the gun. In fact, the defendant had elevated levels of barium on his right palm, and we know he's right-handed . . . ."

The remarks at issue comprised only a fraction of the Government's lengthy closing and rebuttal arguments. Even if the remarks could be said to have prejudiced Simpson by misleading the jury or diverting its attention, such prejudice was minimal when compared to the sheer volume of evidence introduced to establish

Simpson's guilt.  Thus, we conclude Simpson has failed to establish that the Government's remarks constitute reversible error.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  Accordingly, we affirm Simpson's conviction and sentence. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>