**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4246**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES A. REIGLE, JR.,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore. Marvin J. Garbis, Senior District Judge. (1:05-cr-00262-MJG)

---

Submitted: May 14, 2007          Decided: May 30, 2007

---

Before WILLIAMS, MOTZ, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Joseph Murtha, MILLER, MURTHA & PSORAS, LLC., Lutherville, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Tonya Kelly Kowitz, Andrew G. W. Norman, Assistant United States Attorneys, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On August 18, 2005, James Reigle, Jr. was charged in a six count superseding indictment with conspiracy to transport, ship and possess visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C.A. § 2252(a)(1) and (b)(1) (West 2000 and Supp. 2006) (Count One); transporting visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C.A. § 2252(a)(1) (Counts Two and Three); sexually exploiting minors for the purpose of producing visual depictions thereof, in violation of 18 U.S.C.A. § 2251(a)(1) and (b)(1) (West 2000 and Supp. 2006) (Counts Four and Five); and possession of visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B) (Count Six). Counts Two through Six also alleged aiding and abetting the charged offenses, in violation of 18 U.S.C. § 2 (2000).

Reigle's jury trial began on November 28, 2005. At trial, Thomas Evered testified that he met Reigle on the internet in 1997. Evered eventually traveled to Pennsylvania with his desktop computer to trade child pornography collections with Reigle. Reigle had photographs of SH, SH's younger, nine-year-old brother AH, and another boy, SB, in his collection.[*] Evered also testified that during this trip Reigle had sent a video depicting

_____

[*]All boys in this opinion are referred to by their initials as they were at trial.

- 2 -

the three boys engaged in sexually explicit conduct to a friend who had copied it and made digital clips that could be traded on the internet. In 1998, Evered became an over-the-road truck driver. Evered testified that he always kept his child pornography collection in his truck with him, and that his collection included images he got from Reigle. Reigle was aware of these facts.

On November 23, 1999, Reigle was arrested on charges of child molestation. On September 23, 2002, Reigle reported to the Federal Correctional Institution in Cumberland, Maryland (hereinafter "FCI Cumberland"). At some point, Reigle called Evered from FCI Cumberland and asked him to copy his child pornography collection onto CDs and keep constant possession of the CDs so that he would have no trouble getting his collection back upon his release. Evered testified that he retrieved Reigle's hard drive and approximately thirty-five CDs and maintained them at all times on his truck. Evered further testified that he traveled into Maryland on November 18, 2002, and March 4, 2003, while driving his tractor-trailer rig. On each occasion, Evered had his laptop with all of the pornographic images of AH, SH, and another boy, D, as well as the videos of AH, SH, and SB.

At trial AH and SH also testified. They testified as to how they met Reigle. AH testified that Reigle taped him engaged in sexual activity with SB and SH, identified the videos presented by the Government, and testified that Reigle made the videos. AH also

identified himself in photographs that have come to be known as the "Anthony Collection."  SH testified that Reigle photographed him and directed him to photograph Reigle and AH engaged in sexual acts.  SH also identified various Government exhibits including a photograph and two videos.

The Government also introduced the testimony of SB, JB, and TB, who were molested by Reigle.  SB identified Reigle as the adult male in two photographs depicting an adult male with a partially obscured face performing fellatio on a minor.  JB testified as to how Reigle molested him.  JB also identified Reigle in the same photos shown to SB.  Finally, TB testified as to how he met Reigle and how Reigle molested him.

At trial the Government introduced evidence that photographs from the "Anthony Collection" were found on a computer in Edgewater, Maryland.  Also, Special Agent Kathleen Kornek downloaded from a computer in Texas pictures from the "Anthony Collection" and two video clips to a computer in Calverton, Maryland.

Reigle was ultimately convicted on all six counts.  At sentencing, the district court dismissed Count Six based on Reigle's motion for acquittal due to lack of venue.  The court then sentenced Reigle to life imprisonment on Counts Four and Five and forty years on Counts One, Two, and Three.  All sentence were to run concurrently.  Reigle timely appealed, alleging that the

district court erred in not granting his motion for acquittal based on improper venue for each count in the indictment and that the court erred in admitting the testimony of SB, JB, and TB.

The prosecution bears the burden of proving venue by a preponderance of the evidence, and where, as here, a defendant is charged with multiple crimes, venue must be proper on each count. United States v. Ebersole, 411 F.3d 517, 524 (4th Cir. 2005). In determining whether the government has established venue by a preponderance of the evidence, the evidence must be viewed in the light most favorable to the government. United States v. Burns, 990 F.2d 1426, 1437 (4th Cir. 1993)

Count One of the indictment alleged that Reigle conspired with Evered to transport and ship in interstate commerce visual depictions of minors engaged in sexually explicit conduct and to possess such depictions. Venue was proper in Maryland for Count One as three overt acts in furtherance of the conspiracy occurred in Maryland. Pinkerton v. United States, 328 U.S. 640, 646-47; United States v. Snead, 527 F.2d 590 (4th Cir. 1975). Reigle entered the conspiracy while in Maryland by calling Evered from FCI Cumberland, and Evered twice transported Reigle's collection into Maryland.

Venue in Maryland was also proper for Counts Two and Three as Reigle conspired with Evered and aided his transportation of the child pornography. United States v. Kibler, 667 F.2d 452,

- 5 -

455 (4th Cir. 1982). On two dates, Evered possessed child pornography at Reigle's request. Reigle thereby aided Evered's interstate transportation of child pornography.

Finally, venue for Counts Four and Five was proper in Maryland. Reigle created the visual depictions of his victims in his home in Pennsylvania. Several of these depictions were discovered on a computer at a home in Edgewater, Maryland on May 5, 2004. The Government established that these images were downloaded from the internet onto the computer. Thus, venue for Count Four was proper. Also, Special Agent Kathleen Kornek downloaded child pornography created in Pennsylvania by Reigle from a computer in Texas. Kornek's downloading in Maryland made venue in Maryland for Count Five appropriate.

Additionally, the district court properly admitted evidence of Reigle's molestation of other children. Rule 404(b) decisions by the district court are discretionary and will not be overturned unless arbitrary and irrational. United States v. Powers, 59 F.3d 1460, 1464 (4th Cir. 1995). We find that the testimony of SB, JB, and TB at issue was admissible both as intrinsic evidence and as evidence of Reigle's identity and motive.

Count Five charged Reigle with production of child pornography. SB testified that he appeared in the video that formed the basis for Count Five and that he engaged in genital to anal sex with another minor in the video at Reigle's direction.

Reigle's molestation of SB was therefore inextricably intertwined with the creation of the video that was subsequently downloaded by the FBI.  United States v. Chin, 83 F.3d 83, 87-88 (4th Cir. 1996).

Also, the testimony of SB, JB, and TB was properly admitted to establish Reigle's identity.  SB, JB, and TB's testimony corroborated AH and SH's testimony and established Reigle as the person who created the child pornography.  Finally, the probative value of the testimony of SB, JB, and TB was not substantially outweighed by unfair prejudice to Reigle.  See United States v. Boyd, 53 F.3d 631, 637 (4th Cir. 1995).

As the district court did not err in admitting the testimony of SB, JB, and TB or in denying Reigle's motion for judgment of acquittal, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED