### State of Vermont v. Bernard Woodmansee

[326 A.2d 172]

No. 74-73

Present: **Barney, C.J., Smith, Keyser, Daley, and Larrow, J.J.**

Opinion Filed October 1, 1974

*Patrick J. Leahy,* State's Attorney, and *John J. Bergeron,* Deputy State's Attorney, for the State.

*Robert Edward West,* Defender General, and *Gregory A. McKenzie,* Deputy Defender General, for Defendant.

**Barney, C.J.** This is a petition to this Court for bail pending appeal brought under authority of V.R.A.P. 9. The issue of this defendant's release has come to this Court in other postures previously. On March 12, 1973, he was sentenced in district court, after conviction of being an accessory to the crime of first degree murder by threatening the life of an eyewitness to said murder, a felony. His sentence was not less than six nor more than seven years in the custody of the Commissioner of Corrections of the State of Vermont. Up until that time the defendant had been eligible for bail in accordance with an order of court. See *State* v. *Woodmansee,* 131 Vt. 22, 23, 298 A.2d

814 (1972). He had remained in custody apparently due to inability to furnish the required bail.

The sentence of the lower court coupled with the issuance of a *mittimus* to state's prison effectively terminated the order of bail. Several months after the imposition of sentence, on January 3, 1974, the defendant petitioned the district court for reinstatement of the conditions for release in force during trial pending the appeal. On January 18, 1974, that court denied the petition.

■ That denial was compelled on the face of the record, and the attack on it verges on the frivolous. V.R.Cr.P. 46 permits action by the trial court, after conviction, in the period between judgment of conviction and the expiration of the time for filing the notice of appeal. This petition came in more than ten months subsequent to judgment and sentence. At that time the defendant was "in execution" and had been since prior to the effective date of the Vermont Rules of Criminal Procedure effective on October 1, 1973. See *In re Woodmansee*, 124 Vt. 219, 220, 202 A.2d 267 (1964). At that time the provisions of 13 V.S.A. §§ 7551–7573 contained no provisions relating to application for bail pending appeal after conviction, and they constituted the entire statutory pattern as to bail. This was and is consistent with the provisions of chapter 2, § 32 of the Vermont Constitution which enumerates among the exceptions to its injunction that all prisoners shall be bailable by sufficient sureties the condition that they not be in execution. This defendant was "in execution" and there was no way the trial court could authorize bail, even if it found the defendant eligible.

Evidence was obviously not at all involved in that proceeding, and it was determined in accordance with the statutory directive which requires that "Any order so appealed shall be affirmed if it is supported by the proceedings below." 13 V.S.A. § 7556. This Court acted accordingly.

■ The present petition is accompanied by an agreed statement of facts, an essential to disposition of a bail question as an original matter here, since this Court does not function as a fact-finding body. Assuming for the purposes of this case that V.R.A.P. 9(b) is a valid and authorized exercise of the rule

making power, we can now, for the first time, examine the issue of bail on appeal for this defendant.

We are first confronted with the fact of conviction. If there be any relevancy to any presumption of innocence during trial, it has been adjudicated away at this point. Moreover, the nature of the crime is not only violent, but it is aimed at the vital core of the judicial process itself. It is a charge that deals with an attempt to affect the outcome of judicial proceedings, a most serious concern when that activity employed during the pendency of an appeal could affect the meaningfulness of retrial. Beyond these concerns, the defendant has a history of four prior felony convictions in the State of Vermont, as well as other criminal history. He also is without resources.

Against this we do have the stipulated facts that the defendant is a lifelong Vermont resident, and has a family here. He has been on bail on numerous occasions, and never absconded. He has successfully fulfilled probation and parole obligations. He raised no difficulties during the course of this trial. These facts are all to the good, but are no more than what is expected of all citizens.

Having in mind the prior record, the conviction and the facts recited in the stipulation, this Court cannot find justification for allowing bail pending appeal in this case. Plainly the existence of such facts would certainly be sufficient presumptive support for any denial.

*The motion for release pending appeal is denied.*