### State of Vermont v. Paul McGrail

[340 A.2d 75]

No. 27-75

Present: **Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.**

Opinion Filed April 17, 1975

*Stephen W. Webster, Esq.,* Orange County State's Attorney, Randolph, for the State.

*Robert Edward West, Esq.,* Defender General, *Stephen R. Elias, Esq.,* Deputy Public Defender, and *Charles S. Martin, Esq.,* Appellate Defender, Montpelier, for Defendant.

**Keyser, J.** The defendant was convicted in district court for a violation of 13 V.S.A. § 1804, a felony. On March 20, 1975, he

was committed to the custody of the Commissioner of Corrections for not less than five nor more than twelve years. The court terminated bail and committed the defendant in execution of sentence. Defendant appealed his conviction to this Court, and it is now pending hearing and determination.

The matter presently under consideration is defendant's motion made for a stay of the sentence imposed by the trial court or in the alternative for release under bail pending disposition of his appeal. The defendant requested the lower court to be released on bail pending appeal, but the court refused.

The State and defendant admit that the ruling the lower court made on the motion to stay is discretionary. There is no indication in the record presented to this Court that the court abused its discretion in denying defendant's request to stay. Nor is there any viable or reasonable basis for us to grant the motion here as a matter of discretion. Therefore, it is denied.

As to release on bail pending the appeal, it is to be noted that the criteria are not the same after conviction and sentence, as here, as it was before and during trial.

The record before us indicates that the defendant has five previous felony convictions, extending over the past 16–18 years. Although he has a father living in Randolph, defendant is single and has no family ties other than this; his employment record is poor; he has little respect for the law; and the term of the sentence imposed by the court is not to be treated lightly and could influence defendant to leave the jurisdiction of the court. The defendant says there is a likelihood of his prevailing on appeal, but whether or not this is true is impossible to say without a full review of the case. This case is not essentially different than that of *State* v. *Woodmansee*, 132 Vt. 558, 326 A.2d 172 (1974). This Court denied bail in that case under similar circumstances.

Considering defendant's serious felony record and his conviction and sentence in this case, we cannot agree with defendant that his release on bail does not constitute a danger to the public or that there is no danger that he will leave the jurisdiction. The record does not justify the granting of defendant's motion for release on bail pending appeal, and it is denied.

*The motion for stay of sentence and release on bail pending appeal is denied.*