304

## State of Vermont v. Gerald Max Ryan

[359 A.2d 657]

No. 120-76

Present: Barney, C.J.

Opinion Filed May 11, 1976

*Ronald F. Kilburn*, Franklin County State's Attorney, St. Albans, for State.

*Downs, Rachlin & Martin*, St. Johnsbury, for Defendant.

Barney, C.J. This is a petition for bail pending appeal under V.R.A.P. 9(b). It follows an order revoking bail under V.R.Cr.P. 46(c) in the court below after conviction and sentence. This order was stayed until May 10, the day prior to this hearing, to give the defendant an opportunity to apply for release here.

The important operative facts are not subject to dispute. The defendant was convicted by jury trial of first-degree murder in the shotgun slaying of one Lawrence H. Juaire, Jr. Juaire was actually shot by a certain Bonnie Lee King in October, 1974. The defendant was, at that time, in custody under sentence for a previous homicide, the shooting of one Howard Brooks in September, 1973. On that charge he was found guilty of manslaughter and sentenced to six months confinement.

Ms. King pled guilty to murder in the second degree and testified for the prosecution in the Juaire killing. She is presently in custody in the State of Maine. The first trial of the defendant for first-degree murder as an accessory before the fact ended in a mistrial. On the second trial the jury found him guilty of first-degree murder, and he was sentenced to life imprisonment.

Before his accusation and arrest in the Juaire charge, he had been paroled on his Brooks' sentence. After arrest, he was placed on bail under bond and under restrictive conditions that were later amended to confine him to four counties. There is no evidence that he ever failed to present himself in court when required. Aside from the homicides, he has no criminal record other than some minor motor vehicle offenses.

He was furloughed from time to time while imprisoned, and, although he was not a troublesome prisoner, he did violate certain regulations relating to unauthorized travel and use of motor vehicles. He also met with Bonnie Lee King in violation of a restriction placed upon her.

The posture of this case is similar to the case of *State* v. *Lawrence,* 133 Vt. 330, 340 A.2d 67 (1975). This defendant is also in execution and not entitled to bail as of right. The mandates of *State* v. *Pray,* 133 Vt. 537, 346 A.2d 227 (1975) applicable to pre-trial release, are not here involved. This is not an appeal from a bail order, but a matter for original disposition, but, nevertheless, the result reached below is entitled to great weight.

Unlike the *Lawrence* case, no considerations of great substance running counter to the trial court's order appear. Taking into account the present conviction, as V.R.Cr.P. 46(c), and therefore V.R.A.P. 9(b), authorize, the defendant stands convicted of two violent homicides. He is under life sentence, the most extreme sentence available short of the death penalty. His case is on appeal, a circumstance not requiring his participation in the same manner as a trial, since the issues are legal. His favorable performances do not outreach those cited in *State* v. *Woodmansee,* 132 Vt. 558, 560, 326 A.2d 172 (1974). Justification sufficient for the exercise of judicial discretion in favor of release pending appeal has not been made to appear.

*The motion for release dated May 6, 1976, is denied.*