2008 VT 126

**STATE of Vermont v. James MORRIS**

[967 A.2d 1139]

No. 08-354

¶ 1. September 18, 2008. Defendant James Morris appeals from an order of the district court denying bail. Defendant is charged with two counts of lewd and lascivious conduct and one count of sexual assault. 13 V.S.A. §§ 2601, 3252(a)(1).

¶ 2. The maximum sentence for sexual assault under the circumstances alleged is life imprisonment. 13 V.S.A. §§ 3252(f)(1), 3271(a)(2), (b). As such, defendant may be held without bail if the evidence of guilt is great. Vt. Const. ch. II, § 40; 13 V.S.A. § 7553. After determining that a defendant may be held without bail, the trial court then must exercise its discretion in determining whether or not to impose bail and conditions of release. *State v. Blackmer*, 160 Vt. 451, 458, 631 A.2d 1134, 1139 (1993). A presumption arises in favor of incarceration. *State v. Avgoustov*, 2006 VT 90, ¶ 2, 180 Vt. 595, 907 A.2d 1185 (mem.). The court's discretion is extremely broad, but its decision cannot be arbitrary. *Blackmer*, 160 Vt. at 458, 631 A.2d at 1139. The court must make findings to indicate how its discretion was exercised. *State v. Passino*, 154 Vt. 377, 379, 577 A.2d 281, 283 (1990).

¶ 3. At a hearing below, the alleged victim as well as the arresting officer testified in support of the State. The court determined that the State had made its prima facie case, and therefore, that the evidence of guilt was great. On appeal, defendant argues that the court did not specifically find that evidence of guilt was great with respect to the element of lack of consent, see 13 V.S.A. § 3252(a)(1), and therefore he cannot be held without bail. To demonstrate that evidence of guilt is great the State "must show that facts exist that are legally sufficient to sustain a verdict of guilty." *State v. Duff*, 151 Vt. 433, 440, 563 A.2d 258, 263 (1989). This is a question of law that we can determine independently. Here, the testimony of the alleged victim was sufficient for the State to show lack of consent. Considering this testimony, we affirm the trial court's determination that the evidence of defendant's guilt was great.

¶ 4. After the trial court concluded that defendant may be held without bail, defendant then proposed conditions of release, offering evidence in support of his proposal. The court concluded that defendant "failed to demonstrate to the Court that the safety of the community can be assured by [his] release on conditions." The trial court made no findings as to why this conclusion was reached.

¶ 5. In situations where there is no right to bail, we have held that the trial court must exercise its discretion in determining whether to grant bail, and must therefore make findings to indicate how that discretion was exercised. *Passino*, 154 Vt. at 379, 577 A.2d at 283. The record of the proceedings below does not indicate how the court exercised its discretion in rejecting defendant's proposed conditions of release. We remand so that the court may make findings consistent with this opinion.

*Affirmed in part, and remanded in part.*