2015 VT 26

**STATE of Vermont v. Michael J. BRILLON**

[___ A.3d ___]

No. 09-114

¶ 1. May 7, 2009. Defendant Michael Brillon's appeal of the trial court's denial of his motion for release pending appeal pursuant to V.R.Cr.P. 46(c) is denied. Under Rule 46(c), a defendant may petition the trial court for release pending appeal. When evaluating the motion, the trial court is to consider "the factors set forth in 13 V.S.A. § 7554(b), as well as the defendant's conduct during the trial and the fact of conviction." V.R.Cr.P. 46(c); see also 13 V.S.A. § 7574. Section 7554(b) provides a list of factors: the nature and circumstances of the offense, weight of the evidence against the defendant, family ties, employment, financial resources, character and mental condition, length of the defendant's residence in the community, his record of convictions, and record of appearance at court proceedings. This Court reviews an appeal of the trial court's denial of a Rule 46(c) motion on the record. V.R.A.P. 9. We affirm the district court's order "if it is supported by the proceedings below." 13 V.S.A. § 7556(b); see also 13 V.S.A. § 7574 (providing that any denial of release after conviction "shall be reviewable in the manner provided in sections 7554 and 7556 of this title for pretrial release").

¶ 2. Defendant was arrested in July 2001 and held without bail. He was convicted in June 2004 of second-degree aggravated domestic assault, and he was sentenced to twelve to twenty years in prison as a habitual offender. In March 2008, we remanded the case to the district court with directions to set aside the convictions, vacate the sentence, and dismiss with prejudice the charges against defendant. *State v. Brillon,* 2008 VT 35, 183 Vt. 475, 955 A.2d 1108. Thereafter, defendant was released from custody, after having served approximately six years of his sentence. The State appealed to the United States Supreme Court, which reversed our decision on March 9, 2009. *Vermont v. Brillon,* 556 U.S. 81 (2009). On April 7, we issued an order that provided: "In light of the United States Supreme Court's reversal of this Court's judgment in the above appeal, the Bennington District Court is authorized to issue a mittimus for the arrest and confinement of defendant pending the outcome of the appeal on remand from the United States Supreme Court." Pursuant to this order, the district court on April 8 authorized an arrest warrant for defendant. That same day defendant moved for a stay of his sentence pending appeal pursuant to V.R.Cr.P. 38(b) and for release under Rule 46(c), which the trial court denied after a hearing. The court concluded that it lacked authority under our April 7 order to release defendant, but that if it had that authority, it would deny defend-

ant's motion. Defendant appeals the Rule 46(c) denial.

¶ 3. The district court erred in concluding that it did not have discretion to consider defendant's motion. Our April 7 order merely authorized the district court to issue a mittimus, to return defendant's case to the normal proceedings after a conviction. Defendant has all the rights of any other convicted defendant with an appeal pending, which includes the right to make a motion to be released pending appeal under Rule 46(c). Our order did not alter his rights.

¶ 4. Nevertheless, we affirm the trial court's alternative decision to deny defendant's motion for release. At the hearing on defendant's motion, the State conceded that defendant's presence at that hearing undercut its argument that defendant posed a flight risk. During the period from March 2008 to April 2009, defendant had been living outside Vermont, and returned voluntarily to the state to surrender. Against this favorable conclusion, the trial judge weighed the fact of conviction and the nature and circumstances of the offense. At this time, defendant stood as a convicted felon on a domestic assault charge, and had been sentenced as a habitual offender with a substantial sentence left to serve. Defendant is not now entitled to bail as a matter of right, *State v. Ryan*, 134 Vt. 304, 305, 359 A.2d 657, 658 (1976), and the heavy weight of the conviction and severity of the offense are not necessarily trumped, as a matter of law, by the factors weighing in his favor. See *State v. Woodmansee*, 132 Vt. 558, 560, 326 A.2d 172, 174 (1974) (upholding denial of bail for impecunious multiple felon pending appeal of conviction for accessory to murder, despite being a lifelong resident with family ties, no probation or parole violations, good bail history, and no misbehavior during trial). As the Court observed in *Woodmansee*, "[t]hese facts are all to the good, but are no more than what is expected of all citizens." *Id.*

¶ 5. Due to the nature of the offense, the fact of conviction, and the substantial time left to serve, we cannot find that the district court abused its discretion.

*Affirmed.*