2015 VT 27

**STATE of Vermont v. Stephen GRIGGS**

[___ A.3d ___]

No. 09-218

¶ 1. July 7, 2009. Defendant Stephen Griggs appeals from an order of the district court denying bail. Defendant is charged with three counts of lewd and lascivious conduct with a child and one count of second offense of lewd and lascivious conduct with a child. 13 V.S.A. § 2602. After reviewing the transcript of the proceedings below, we remand the case because the record of the proceedings below does not indicate the grounds upon which the district court exercised its discretion to deny bail.

¶ 2. Defendant was initially charged with a single count of a second offense of lewd and lascivious conduct with a child and a violation of probation. At his arraignment on March 23, 2009, the trial court ordered that defendant be released on $75,000 bail. The State subsequently dismissed the violation of probation complaint and defendant thereafter requested a bail review hearing seeking to lower the amount of bail. Just prior to the March 31 bail review hearing, the State added three additional counts of lewd and lascivious conduct. At this hearing, the court ordered defendant held without bail. The court affirmed this conclusion at a subsequent bail review hearing that occurred on June 17.

¶ 3. The maximum sentence for a second offense of lewd and lascivious conduct with a child is life imprisonment. *Id.* § 2602(b)(2). As such, defendant may be held without bail if the evidence of guilt is great. Vt. Const. ch. II, § 40; 13 V.S.A. § 7553. On appeal, defendant argues that the district court did not specifically find that defendant's conduct satisfied every element of the charged crimes. At his arraignment, the court concluded that evidence of guilt was great based upon defendant's admissions to the police that corroborated the complaining witness's facts. At the March 31 hearing, the court concluded that evidence of guilt was great again based upon defendant's admissions. We note that defendant did not raise the issue of whether defendant's conduct satisfied every element of the charged offenses at the initial arraignment or either of the subsequent bail hearings. On appeal, defendant does not identify an element for which there is insufficient evidence of defendant's guilt.

¶ 4. We decline to remand for these findings. To demonstrate that evidence of guilt is great the State "must show that facts exist that are legally sufficient to sustain a verdict of guilty." *State v. Duff*, 151 Vt. 433, 440, 563 A.2d 258, 263 (1989). This is a question of law that we can determine independently. *State v. Morris*, 2008 VT 126, ¶ 3, 185 Vt. 573, 967 A.2d 1139 (mem.). Here, the affidavit of probable cause was sufficient evidence to establish every element of the charged offenses. Considering this evidence, we affirm the trial court's determination that the evidence of defendant's guilt was great.

¶ 5. Defendant also argues that the district court failed to explain how it exercised its discretion in denying bail. As we explained in *Morris*:

> After determining that a defendant may be held without bail, the trial court then must exercise its discretion in determining whether or not to impose bail and conditions of release. A presumption arises in favor of incarceration. The court's discretion is extremely broad, but its decision cannot be arbitrary. The court must make findings to indicate how its discretion was exercised.

*Id.* ¶ 2 (citations omitted). At the hearings below, the court summarily ordered that defendant be held without bail. The district court made no findings as to why this conclusion was reached, beyond the statements that showed that the court had the power to refuse bail. The record of the proceedings below does not indicate how the court exercised its discretion in rejecting defendant's proposed conditions of release. Although the district court has extremely broad discretion, *State v. Blackmer*, 160 Vt. 451, 458, 631 A.2d 1134, 1139 (1993), the record here is insufficient to support the bail determination under this standard. We remand so that the court may make findings and articulate the grounds on which its exercise of discretion rested.

*Affirmed in part and remanded in part.*