<u>**ENTRY ORDER**</u>

SUPREME COURT DOCKET NO. 2015-149

MAY TERM, 2015

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Rutland Unit, |
| | } | Criminal Division |
| Christopher P. Sullivan | } | |
| | } | DOCKET NO. 776-5-13 Rdcr |

In the above-entitled cause, the Clerk will enter:

On April 13, 2015, defendant Christopher P. Sullivan filed this appeal from conditions of postconviction release pursuant to 13 V.S.A. § 7556(b). A hearing on this bail appeal was held on May 4, 2015. Defendant argues that the superior court's order that defendant give the court a surety bond or cash in the amount of $500,000 is not supported by the record. We conclude that the $500,000 requirement is supported by the record and thus affirm the order in that respect. But we conclude that the requirement that defendant give a surety bond of $500,000—rather than a secured appearance bond in the same amount, with defendant depositing with the clerk of the court 10 percent of that sum ($50,000)—is not supported by the record. We thus remand to the superior court with instructions to amend its order to allow defendant to post bail by executing a secured appearance bond.

The procedural history of this case may be briefly stated. On May 2, 2013, defendant was charged by information with two felony counts: driving under the influence of intoxicating liquor with death resulting, 23 V.S.A. §§ 1201(a)(2), 1210(f)(1), and leaving the scene of a fatal motor-vehicle crash, id. § 1128(c). Both offenses are punishable by up to fifteen years' imprisonment. The charges arose from defendant's actions in Rutland on the evening of April 10, 2013. Defendant consumed six to seven drinks and then fatally struck a pedestrian and fled the scene. Defendant turned himself in the following day, about seventeen hours after the crash. Following arraignment, the superior court issued orders setting conditions of pretrial release. The conditions directed defendant to give the court an unsecured appearance bond of $10,000 and comply with various nonmonetary conditions of release, including surrendering his passport; abstaining from the possession, consumption, or purchase of alcohol; and submitting to random alcohol testing. Defendant posted bond and was released for the twenty-two months before the trial. During that time he complied with all conditions of release.

On March 19, 2015, defendant was convicted on both counts following a jury trial. Immediately following the jury verdict, the superior court reviewed the conditions of release following the verdict. See 13 V.S.A. § 7574 ("Upon an adjudication of guilt, the trial judge shall review the terms and conditions of release and may terminate them or may continue or alter them pending sentence or pending notice of appeal or the expiration of the time allowed for filing

notice of appeal."). After hearing argument from defendant and the State, the Court increased the bail requirement to $500,000 in cash or a surety bond, continued the nonmonetary conditions that were imposed pretrial, and added several new nonmonetary conditions, barring defendant from traveling outside Rutland County without court permission; barring defendant from driving; and requiring defendant to report daily to the sheriff's department at specified hours.

Defendant, who on appeal is eligible for public-defender services as a financially needy person, was unable to post cash or execute a surety bond in the amount of $500,000. He was thus taken into custody and remains in jail at this time. On March 31, 2015, defendant filed a bail-review motion in the superior court, seeking to modify conditions of release. See id. § 7554(d)(1). Defendant proposed amending the order to allow for release upon the posting of a secured-appearance bond for $500,000. See id. § 7554(a)(1)(D) (providing that as condition of release, court may "[r]equire the execution of a secured appearance bond in a specific amount and the deposit with the clerk of the court, . . . of a sum not to exceed 10 percent of the amount of the bond, such deposit to be returned upon the appearance of the person as required"). Following a bail-review hearing on April 3, 2015, the court denied the motion. Defendant appealed to this Court. Id. §§ 7574, 7556(b).

The statute governing release pending sentencing, disposition of post-trial motions, and appeal is 13 V.S.A. § 7574, which provides:

> In . . . review[ing] [conditions of release following conviction], the judge shall consider the factors set forth in subsection 7554(b) of this title, as well as the defendant's conduct during the trial and the fact of conviction.

In turn, "the factors set forth" in 13 V.S.A. § 7554(b) are:

> [T]he nature and circumstances of the offense charged, the weight of the evidence against the accused, the accused's family ties, employment, financial resources, character and mental condition, the length of residence in the community, record of convictions, and record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings. Recent history of actual violence or threats of violence may be considered . . . as bearing on the character and mental condition of the accused.

See also V.R.Cr.P. 46(c) (enumerating identical test for release pending sentencing and appeal).

Pretrial release is very different from postconviction release. With two exceptions, there is a constitutional and statutory right to release before trial. Vt. Const. ch. II, § 40; 13 V.S.A. § 7554.[1] This is because "pretrial detention . . . undermines the presumption of innocence by

---

[1] Generally, a pretrial defendant "shall be ordered released on personal recognizance or upon the execution of an unsecured appearance bond." 13 V.S.A. § 7554(a)(1). If the court

2

'depriving a defendant of a fundamental value, the right to liberty, without an adjudication of guilt.' " State v. Sauve, 159 Vt. 566, 573, 621 A.2d 1296, 1300 (1993) (quoting State v. Duff, 151 Vt. 433, 440, 563 A.2d 258, 263 (1989)).  Because "[o]ur constitutional values require that liberty is and must remain the norm[,] . . . detention prior to trial or without trial is the carefully limited exception." Id. at 573, 621 A.2d at 1300-01 (quotation omitted).

As the superior court here recognized, the situation is very different once a defendant has been convicted.  Once a judgment of conviction is entered, defendant is no longer presumed innocent, and the presumption of a right to bail dissolves.  State v. Ryan, 134 Vt. 304, 305, 359 A.2d 657, 658 (1976) (after conviction, defendant is "not entitled to bail as of right").

"[The] trial court 'has the discretion to allow bail even where . . . a defendant is not entitled to it.' " State v. Pellerin, 2010 VT 26, ¶ 13, 187 Vt. 482, 996 A.2d 204 (quoting State v. Falzo, 2009 VT 22, ¶ 6, 185 Vt. 616, 969 A.2d 694 (mem.)).  "In situations where there is no right to bail, we have held that the trial court must exercise its discretion in determining whether to grant bail, and must therefore make findings to indicate how that discretion was exercised." State v. Morris, 2008 VT 126, ¶ 5, 185 Vt. 573, 967 A.2d 1139 (mem.).

Our review is narrow.  We will affirm the order "if it is supported by the proceedings below." 13 V.S.A. § 7556(b).  This standard is identical to an abuse-of-discretion standard. Pellerin, 2010 VT 26, ¶ 13 (decision to grant or deny bail where defendant is not entitled to it is reviewed for abuse of discretion).

Defendant argues that the trial court abused or withheld its discretion by failing to consider the § 7554(b) factors.  Defendant correctly notes that these factors weigh heavily in defendant's favor.  Defendant was raised in Rutland; married and raised six children in the community; has good character; is in good mental condition; has been employed as a practicing attorney for nearly thirty years; lives in the home in which he grew up; has no prior criminal history; and followed all conditions of pretrial release over twenty-two months, including passing over a hundred random breath-alcohol tests.

We do not agree, however, that the trial court failed to consider these factors or that it considered only the seriousness of the crime and the likelihood of incarceration.  The trial court repeatedly acknowledged the § 7554(b) factors on the record at both the March 19 and the April

---

"determines that such a release will not reasonably assure the appearance of the person as required," the court "shall . . . impose the least restrictive" condition or combination of conditions—such as the execution of a secured appearance bond or surety bond—"which will reasonably assure the appearance of the person as required." Id.

Two exceptions exist to the general presumption that a defendant is entitled to bail: (1) when the charged offense is punishable by life imprisonment and the evidence of defendant's guilt is great and (2) when the charged crime is a felony of violence and the court finds by clear and convincing evidence that the defendant's release would pose a significant threat of physical violence to a person and that no condition or combination of conditions of release would reasonably prevent the physical violence.  Vt. Const. ch. II, § 40; 13 V.S.A. §§ 7553, 7553a.

3

3 hearings. At the March 19 hearing, the trial court noted that defendant's "ties to the community appear to be quite strong," while also noting that this fact "is not necessarily outweighed" by the fact of conviction of a serious felony and high likelihood that a sentence of incarceration would be imposed. At the April 3 bail-review hearing, the trial court twice noted that defendant had "longstanding ties to the community." The trial court again stated on the record that such factors were outweighed by defendant's past flight (as shown by the seventeen-hour delay before defendant turned himself in to authorities following the fatal crash), and the significant penalty faced by defendant at sentencing. The court found that these facts "give rise to a substantial risk of nonappearance."

Nor do we agree that the court exceeded its discretion in weighing the various factors. It is true that the court assigned substantial weight to the fact of conviction, the range of likely penalties, and the fact that the conviction itself involved fleeing the scene of an accident, while placing relatively less weight on defendant's ties to the community. But this weighing falls within the court's discretion. See State v. Brillon, 2015 VT 26, No. 2009-114, 2009 WL 2427842, at *2 (May 7, 2009) (three-justice unpub. mem.), https://www.vermontjudiciary.org/UPEO2006-2010/eo09-114.pdf (upholding denial of postconviction bail although defendant had voluntarily returned to Vermont to surrender, because "[t]he heavy weight of the conviction and severity of the offense," as well as likelihood that defendant would have a "substantial sentence left to serve," are "not necessarily trumped, as a matter of law, by the factors weighing in his favor"); State v. Woodmansee, 132 Vt. 558, 560, 326 A.2d 172, 173-74 (1974) (upholding denial of bail pending appeal for defendant serving six-year sentence even though defendant was lifelong Vermont resident with family, had successfully fulfilled conditions of release, and had never before absconded, because "[t]hese facts are all to the good, but are no more than what is expected of all citizens.").

This case is similar to Martin v. State, in which the Court upheld the denial of release pending appeal of a defendant who had been convicted of boating while intoxicated, causing the deaths of two children. No. 2008-111, 2008 WL 2792776 (Vt. Apr. 1, 2008) (single-justice unpub. mem.), https://www.vermontjudiciary.org/UPEO2006-2010/eo08-111.bail.pdf; see also State v. Martin, 2009 VT 15, 185 Vt. 286, 973 A.2d 56 (reciting facts of case). There, as here, "[m]ost, if not all of the relevant § 7554(b) factors" favored the defendant, including undisputedly strong family and community ties, good behavior during trial, acceptance of responsibility for the crime, and lack of a criminal history. Martin, 2008 WL 2792776, *1-2. Despite this, the trial court denied postconviction bail, considering "the severity of the offense, the fact of conviction and defendant's settled culpability." Id. at *2. We affirmed, noting that "[a]lthough we might reach a different result if we were to balance the Rule 46(c) factors in the first instance," there was no abuse of discretion. Id.

Thus, the trial court did not withhold its discretion or exercise its discretion on clearly untenable or unreasonable grounds. Rather, it weighed all the evidence before it, including the § 7554(b) factors and the fact of conviction (and with it, defendant's exposure to a potentially lengthy sentence).[2] Particularly in the postconviction context—where defendant stands

---

[2] We also do not agree with defendant's contention that "the trial court used Mr. Sullivan's lack of a criminal record against him." The trial court noted in passing at the March

4

convicted of a crime and no presumption of bail exists—we will not reweigh the evidence, even if another outcome could have been supported by the record.[3] State v. Foy, 144 Vt. 109, 115, 475 A.2d 219, 223 (1984) ("This Court will not interfere with discretionary rulings that have a reasonable basis, even if another court might have reached a different conclusion." (citation omitted)).

Although we uphold the amount of bail set, we reverse the portion of the order requiring that that amount be posted either in cash or by a surety bond. Defendant proposed, in the bail-review hearing below, that the court modify its order to allow him to post the required sum by a secured appearance bond, rather than by surety bond. The trial court rejected this proposal. On appeal, defendant argues that this decision is not supported by the record.

An appearance bond is "a written agreement which allows a person charged with a criminal offense to be released if the person pledges to pay the court a specified amount in the event the person fails to appear at a court proceeding." 13 V.S.A. § 7576(1). A secured appearance bond is an appearance bond in which "the person pledges to pay the court a specified amount in the event that the person fails to appear at a court proceeding" and "a portion of the bond is paid to the court prior to release"—i.e., the deposit. Id. § 7576(3). A surety bond is an appearance bond in which "a surety guarantees the appearance in court of a person charged with a criminal offense, and pledges to pay the court a specified amount if the person fails to appear." Id. § 7576(5).

These two types of bonds may appear to be indistinguishable in effect, but in fact have very different effects on the defendant. If defendant were permitted to execute a secured appearance bond as a condition of release, he could deposit ten percent of the bond amount ($50,000) directly with the clerk of the superior court. If he appeared for sentencing, the $50,000 deposit would be refunded to him. On the other hand, the evidence at the hearing in this case was that to secure a surety bond, defendant would have to pay a commercial bail bondsperson a non-refundable fee of $50,000. In the bail-review hearing and in this Court, defendant has indicated that he could raise $50,000 to post a refundable bond, but lacks the means to pay a nonrefundable sum to the bail bondsperson. The trial court rejected defendant's proposal, expressing a concern about ensuring payment of $500,000 if defendant failed to appear.

hearing that "Mr. Sullivan . . . faces serious consequences when we get to the sentencing hearing. The likelihood of jail is high, . . . these are two offences that would likely carry with it periods of incarceration, something that Mr. Sullivan has not experienced in the past. And so that is likely to be a factor that weighs on him in terms of appearing in Court." We understand this passing statement to be a comment on factors suggesting a temptation to flee, and do not agree that the trial court held defendant's lack of a criminal history against him.

[3] In the briefs and at oral argument, the State and defendant argued about the relevance of cases involving pretrial bail to cases involving postconviction bail. Defendant argued that § 7553a pretrial cases—such as those where the offense is punishable by life imprisonment and the evidence of guilt is great—are analogous because, as in the postconviction context, there is no right to bail in such cases. The analogy is imperfect, since in the postconviction context the presumption of innocence, in addition to the presumption of bail, is gone.

5

The purpose of bail—whether pretrial or postconviction—is to assure the defendant's appearance at trial, not to ensure payment to the court in the event of nonappearance. With respect to that goal, the trial court made no findings explaining why the surety bond would provide greater assurance of defendant's appearance. Under either type of bond, defendant would be liable for $450,000 if he absconds. If anything, a secured appearance bond actually diminishes the risk of his absconding, because the opportunity to recover the $50,000 deposited with the clerk of the court provides a strong incentive to appear at trial. If defendant gets a surety bond, by contrast, the $50,000 paid to the bail bondsperson is a sunk cost that defendant will not recover even if he appears.

We acknowledge the State's argument that the surety bond has the advantage of involving a surety who has a strong incentive to monitor defendant to ensure his appearance, and to find him if he absconds. However, the court made no findings to that effect. Its only stated rationale for rejecting the secured personal appearance bond was a concern for ensuring that if defendant absconded, the full $500,000 would be paid to the court. This is not a sufficient consideration given the purpose of bail. Moreover, the nonmonetary conditions imposed by the court—including the surrender of defendant's passport and the requirement that defendant check-in daily with the sheriff's department—meet any need for monitoring.[4] Under these circumstances, the court exceeded the bounds of its discretion in requiring that the $500,000 bail be given in cash or by surety bond.

Reversed and remanded to the Superior Court, Criminal Division, Rutland Unit with instructions to amend the conditions-of-release order to allow defendant to post bail by executing a secured appearance bond. Affirmed in all other respects.

FOR THE COURT:

_____

Beth Robinson, Associate Justice

---

[4] We reject defendant's challenge to the condition that he check-in daily with the sheriff's department and that he not drive. They are supported by the concerns expressed by the trial court relating to risk of flight, and are well within the trial court's considerable discretion.