# ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-080

MARCH TERM, 2016

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Rutland Unit, |
| | } | Criminal Division |
| | } | |
| Benjamin Earle | } | DOCKET NOS. 1191-7-13 & |
| | } | 240-3-16 Rdcr |
| | } | |
| | | Trial Judge: Thomas A. Zonay |

In the above-entitled cause, the Clerk will enter:

This appeal involves two different determinations concerning bail in two different dockets. In one, the trial court ordered that defendant be held without bail pending sentencing after an adjudication of guilt on the underlying charge and his admission to two violations of probation in connection with that charge. In the other, the trial court set bail at $50,000 cash or surety. Defendant appeals both determinations. This Court affirms.

This case involves four different cases identified by four different docket numbers: 1191-7-13 (the heroin possession case), 1597-11-15 (the unlawful trespass case), 187-2-16 (the first violation of conditions of release case), 240-3-16 (the second violation of conditions of release docket). The relevant history may be briefly stated as follows.

On July 15, 2013, defendant was charged with possession of heroin in violation of 18 V.S.A. § 4233(a)(2). (Docket number 1191-7-13). On May 16, 2014, defendant pled guilty to this charge pursuant to a deferred sentencing agreement. The trial court accordingly deferred sentencing and issued a deferred sentence and probation order. The State subsequently filed two violation of probation (VOP) charges in November 2014 and January 2015. Defendant admitted the two probation violations on February 26, 2015, and, prior to sentencing, was referred to the Rutland County Treatment Court (RCTC).

On May 12, 2015, the trial court issued amended conditions of release, which imposed a condition ordering that defendant not have contact with E.T. On July 28, 2015, the trial court set a bail amount of $10,000 for defendant to remain out on probation, and required defendant to post a surety bond. In addition, the trial court issued amended conditions of release, again including the specific no-contact condition regarding E.T.

On November 24, 2015, defendant was charged with unlawful trespass in violation of 13 V.S.A. § 3705(d), and violation of the condition of release in docket number 1191-7-13 prohibiting him from having contact with E.T. (Docket number 1597-11-15.) Those charges arose out of an incident in the early morning on November 13, 2015. According to an affidavit given by E.T., defendant knocked on her apartment door some time between 2:00am and 3:00

am. E.T. ignored defendant's knocking, but then heard a thud on the roof. E.T. did not have her window locked, and defendant was able to enter the apartment through the unlocked window. Defendant then began screaming at E.T. and threatening her guest. At one point, defendant charged the two, and they fled the apartment. In her statement, E.T. expressed fear for her life and fear that defendant would not ever leave her alone. She alleged that defendant regularly phoned her work in an effort to get her fired. She concluded her statement by noting that she had no idea what to do about defendant or how to protect herself. After his arraignment, defendant was released on conditions in connection with the unlawful trespass case. His conditions included a requirement that he have no contact with E.T.

On February 17, 2016, pursuant to the State's motion, defendant was discharged from the RCTC. Subsequently, on February 22, 2016, defendant was charged with three new violations of conditions of release. (Docket number 187-2-16). At argument on appeal, the State represented without contradiction that these violations all related to contact with E.T on February 20. However, the charging document and associated affidavits are not in the record provided to this Court in connection with the appeal. The State represented without contradiction that the trial court set a $5,000 bail amount, which defendant posted, in connection with this charge.

On March 4, 2016, defendant was charged with two more violations of his conditions of release, stemming from a series of text messages and phone calls to E.T. on February 26 and 27, 2016. (Docket number 240-3-16). The specific conditions violated were the prohibition of contact with E.T. in the unlawful mischief case (1597-11-15) and the requirement that he comply with all existing conditions in the first violation-of-conditions case (187-2-16). At the arraignment, the following took place.

At the arraignment in the most recent violation-of-conditions case (docket number 240-3-16), the State requested that bail be set at $2,000 consecutive with the $5,000 bail set in the first set of violations-of-conditions case (187-2-16). Defendant opposed any bail amount. According to defendant, he was not a flight risk as evidenced by the fact that he has appeared at all his court hearings, which spanned two felonies and six misdemeanors. Defendant argued that the purpose of bail is to ensure defendant's appearance, and in this case, there simply was no indication, based on his prior appearances, that defendant would not appear.

The trial court disagreed and imposed bail of $50,000 in the second violations-of-conditions case (docket number 240-3-16). In setting bail, the trial court specifically noted that in November 2015 when defendant allegedly trespassed into E.T.'s home, he was subject to a condition in the heroin possession case that he not contact her. Then in February 2016 defendant faced three charges of violating conditions of release for contacting E.T., including going to her residence. Then, not two weeks later, defendant was charged with unlawful contact again—not momentary or inadvertent, but involving sixteen text messages and nine phone calls. The court acknowledged that the defendant had reliably appeared in court when required, and that he was employed, but noted the growing number of charges and the recent escalation in defendant's alleged violations of his conditions—and in particular, the condition prohibiting contact with E.T. The court concluded that there was a significantly greater risk of non-appearance than there had been a few weeks prior, and set bail at $50,000 in docket number 240-3-16.

In addition to setting bail in 240-3-16, the trial court also considered the impact of the new charges on defendant's status in the heroin possession and violation of probation case, docket number 1191-7-13. In that case, defendant had been adjudicated guilty on the underlying charge and had admitted the two probation violations; he was just awaiting sentencing.

2

Acknowledging defendant's strong family and community ties, long length of residence, no prior failures to appear, and minimal record of convictions, the court concluded that defendant's inability to comply with the no-contact restrictions outweighed these other factors. Concluding that there did not seem to be any conditions that effectively protected E.T. from contact with defendant, the court ordered that he held without bail pending sentencing in that case. The trial court rejected defendant's argument that the fact that defendant sent texts and left phone messages did not signal a threat to public safety. Although the content of the messages and calls was not in evidence, defendant's repeated violations of his conditions of release nonetheless signals a safety issue.

Defendant appealed both of these rulings.

On appeal, defendant raises two arguments. First, defendant argues the trial court abused its discretion in revoking bail in docket number 1191-7-13 because its finding that defendant posed a risk to the public was not supported by the evidence. Second, defendant argues that the court abused its discretion in setting bail at $50,000 in docket number 240-3-16 because its finding concerning risk of flight was not supported by the evidence. The Court considers each in turn.

<u>Revocation of Bail in 1191-7-13</u>

In the heroin possession case, defendant had been adjudicated guilty of the underlying charge, and had admitted two violations of probation. He was awaiting sentencing. In contrast to a defendant who has been charged but not yet convicted, defendant did not enjoy a presumption of innocence, and was not presumed entitled to bail. See <u>State v. Ryan</u>, 134 Vt. 304, 305, 359 A.2d 657, 658 (1976) (after conviction, defendant is "not entitled to bail as of right"); see 28 V.S.A. § 301(4) (noting that pending arraignment of any charge of a violation of probation, there is "no right to bail or release"). A trial court in this circumstance may allow bail, "even where . . . a defendant is not entitled to it." <u>State v. Pellerin</u>, 2010 VT 26, ¶ 13, 187 Vt. 482, 996 A.2d 203 (quotation omitted). "In situations where there is no right to bail, we have held that the trial court must exercise its discretion in determining whether to grant bail, and must therefore make findings to indicate how that discretion was exercised." <u>State v. Morris</u>, 2008 VT 126, ¶ 5, 185 Vt. 573, 967 A.2d 1139 (mem.).

The factors to be considered by the trial court in exercising its discretion are set forth in 13 V.S.A. § 7554(b). See 13 V.S.A. § 7574 ("Upon an adjudication of guilt, the trial judge . . . may terminate [terms and conditions of release] or may continue or alter them pending sentence . . . . In making such a review, the judge shall consider the factors set forth in subsection 7554(b) of this title, as well as the defendant's conduct during trial and the fact of conviction."); V.R.Cr.P. 32.1(a)(3) (in deciding whether to release a defendant pending a revocation of probation hearing, the trial court should consider the factors laid out in 13 V.S.A. § 7554(b)).

The factors listed in 13 V.S.A. § 7554(b) are:

> [T]he nature and circumstances of the offense charged, the weight of the evidence against the accused, the accused's family ties, employment, financial resources, character and mental condition, the length of residence in the community, record of convictions, and record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings. Recent

3

> history of actual violence or threats of violence may be considered
> . . . as bearing on the character and mental condition of the
> accused.

See also V.R.Cr.P. 46(c) (enumerating identical test for release pending sentencing and appeal).

So the legal framework is as follows: defendant is not entitled to bail in connection with the heroin possession charge and subsequent violation of probation charges; the trial court may release defendant pending sentencing in its discretion; and the factors to be considered by the trial court in exercising its discretion are set forth in 13 V.S.A. § 7554(b).

Accordingly, this Court's review is narrow. This Court must affirm the trial court's order "if it is supported by the proceedings below." 13 V.S.A. § 7556(b). This standard is identical to our abuse of discretion standard. Pellerin, 2010 VT 26, ¶ 13 (decision to grant or deny bail where defendant is not entitled to it is reviewed for abuse of discretion).

Defendant argues the trial court abused its discretion when it found that defendant posed a risk to public harm. According to defendant, the trial court relied on the series of text messages and phone calls to find defendant posed a risk of harm to the public. This reliance was an abuse of discretion because the trial court did not know the content of the messages and phone calls and therefore could not find that defendant posed a risk of harm to the public.

This argument is unpersuasive. A review of the record reveals that the trial court, in compliance with 13 V.S.A. §7554(b), relied on a number of factors in deciding to hold defendant without bail pending sentencing in docket number 1191-7-13. The trial court noted that defendant's repeated violations of the no-contact orders creates a safety issue. This goes to the defendant's mental state and his ability to comply with court orders—orders, which were designed to protect the safety of the public. Further, the trial court weighed these violations and defendant's ability to follow court orders against his strong ties to the community, his perfect attendance at hearings, and his long residence in the community. Ultimately, the trial court concluded the risk of defendant's continued non-compliance with conditions outweighed defendant's likelihood of appearance. Given that there is no presumption to bail, and given defendant's repeated violations of no-contact orders, the trial court's determination was within its discretion. See State v. Foy, 144 Vt. 109, 115, 475 A.2d 219, 223 (1984) ("This Court will not interfere with discretionary rulings that have a reasonable basis, even if another court might have reached a different conclusion." (citation omitted)).

<u>$50,000 Bail Requirement in 240-3-16</u>

Defendant's second argument is governed by 13 V.S.A. § 7554(a)(1). That statute provides:

> The defendant shall be ordered released . . . upon the execution of
> an unsecured appearance bond in an amount specified by the
> judicial officer unless the judicial officer determines that such a
> release will not reasonably ensure the appearance of the person as
> required. In determining whether the defendant presents a risk of
> nonappearance, the judicial officer shall consider, in addition to
> any other factors, the seriousness of the offense charged and the
> number of the offenses with which the person is charged. If the
> officer determines that such a release will not reasonably ensure

4

the appearance of the defendant as required, the officer shall, either in lieu of or in addition to the above methods of release, impose the least restrictive of the following conditions or the least restrictive combination of the following conditions that will reasonably ensure the appearance of the defendant as required:

. . .

Require the execution of a surety bond with sufficient solvent sureties, or the deposit of cash in lieu thereof.

In determining which conditions of release to impose, the trial court is required to consider the factors listed in 13 V.S.A. 7554(b).

This Court's review is limited. This Court must affirm the trial court's order "if it is supported by the proceedings below." 13 V.S.A. § 7556(b). The constitutionally legitimate purpose of bail is to assure defendant's appearance in court as ordered. State v. Brown, 2005 VT 104, ¶ 10, 179 Vt. 22, 890 A.2d 79.

Defendant argues that the trial court's findings and conclusions relating to risk of flight are not supported by the evidence. He points to the additional exposure associated with the last round of violation-of-conditions charges, and argues that it is relatively small in light of the severe penalties he already faced for unlawful trespass and heroin possession. In defendant's view, the relatively minor violation-of-conditions charges could not reasonably be seen as triggering a significant risk of flight given defendant's unblemished record of court attendance while facing far more serious charges.

This Court rejects defendant's argument. In concluding that the evidence reflected a significantly increased risk of flight, the trial court did not rely solely or even primarily on the marginal increase in defendant's potential sanction as a result of the new violation-of-conditions charges; rather, it inferred on the basis of defendant's recent escalation of violations that his state of mind was such that his risk of flight was heightened. For that reason, the trial court concluded that the risk of non-appearance has changed over the course of two-weeks and concluded that the bail amount necessary to insure defendant's presence was $50,000 cash or surety. The trial court's decision is supported by the proceedings below.

Affirmed.

FOR THE COURT:

☐ Publish

_____

Beth Robinson, Associate Justice

☒ Do Not Publish

5