**ENTRY ORDER**

2024 VT 44

SUPREME COURT CASE NO. 24-AP-182

JULY TERM, 2024

| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Rutland Unit, |
| | } | Criminal Division |
| | } | |
| Justin O'Grady | } | CASE NO. 24-CR-06495 |
| | } | |
| | | Trial Judge: John W. Valente |

In the above-entitled cause, the Clerk will enter:

¶ 1.     Defendant appeals the trial court's July 5, 2024 decision denying bail pursuant to 13 V.S.A. § 7553.  We affirm.

¶ 2.     Defendant is charged with four felony counts and eight misdemeanors.  A felony count alleging sexual assault without consent carries a penalty of imprisonment of not less than three years and a maximum term of life.  Also charged in the information are two counts of first-degree aggravated domestic assault, one count of first-degree aggravated domestic assault with a weapon, six counts of domestic assault, one count of violation of an abuse-prevention order and voyeurism.  The two identified victims are defendant's wife, S.O., and his son, B.O.[*]  The defendant does not contest the weight of the evidence pursuant to § 7553.

¶ 3.     After a weight-of-the-evidence (WOE) hearing on June 28, 2024, the trial court found the following.  On March 8, 2024, after S.O. told defendant she did not want to have sex with him, defendant forced her to have sex and caused multiple injuries to S.O., including bruising to her collarbone.  On another occasion, defendant again forced S.O. to engage in sex with him despite her saying, "no."  Defendant grabbed S.O.'s foot to keep her in bed, removed her pants and underwear and forced her to stay down on the bed while sexually assaulting her.  S.O. sustained bruising on her hips. During a separate sexual assault, defendant pointed a handgun at S.O.'s ear and held the gun to the side of her head while she was holding an infant in her arms.  Defendant has caused S.O. additional injuries, including to her ribcage, left and right arms, thigh, and both feet.  He also took pictures of S.O. while she was undressed, without her consent.

¶ 4.     S.O. sought a relief from abuse order against defendant on June 7, 2024.  A temporary order was issued.  On June 14, 2024, the family division issued a final relief from abuse order finding that defendant had abused S.O. by causing physical harm and that there was a danger

---

[*] B.O. is the alleged victim of one charge of domestic assault.

of further abuse. The family division found that defendant strangled S.O. until she passed out after she refused sex. On a different date, defendant slammed his shoe-covered foot down on S.O.'s foot causing bruising. Defendant left bruising on S.O. from other physical altercations. In its order, the court prohibited defendant from contacting S.O. in any way, including in writing, except for discussion of parent-child contact.

¶ 5. The day after the relief from abuse order was issued, S.O found a note when opening her vehicle's gas tank door. The note had not been there the day before. The note read, "[S.O.] You swore you wouldn't get me in trouble. I plan on taking [B.O.]. If you get me in trouble further I will kill you and all of the kids. Watch out back." In the note, B.O.'s name, which is often difficult for others to spell, was spelled correctly and the writing looked like defendant's handwriting.

¶ 6. The defendant is a military veteran who has local family, employment, and ties to the community. He does not have a criminal record. There is no evidence of flight to avoid prosecution or failures to appear at court proceedings and no record of noncompliance with court orders. Both of defendant's parents, who are divorced and living separately, have agreed to supervise defendant and ensure he abides by court-ordered conditions of release.

¶ 7. The State sought to hold defendant without bail pursuant to § 7553, arguing that he is charged with a crime punishable by life imprisonment, the evidence of guilt is great, the right to bail does not apply under these circumstances, and there is a presumption under the statute that the defendant be held under these circumstances. After conceding that the evidence of guilt is great, defendant proposed that the court exercise its discretion, consider the factors in 13 V.S.A. § 7554(b), and release him under the supervision of his parents subject to strict conditions, including that he observe a curfew, have no contact in any form with S.O., not consume alcohol, and not possess firearms. In addition, the conditions would preclude defendant from abusing or harassing S.O. or coming within 300 feet of her residence, motor vehicle, or place of employment.

¶ 8. Based upon its findings, the court ordered defendant held without bail pursuant to § 7553, concluding that defendant had not overcome the presumption of incarceration. It then exercised its discretion by considering every § 7554(b) factor. The court found that, while some factors weigh in favor of release on conditions, other factors support detaining defendant. These negative factors included the nature and circumstances of the offense charged, the weight of the evidence against the accused, and the accused's character and mental condition. Furthermore, the court concluded that there is a risk of flight from prosecution associated with the potential life sentence. In addition, defendant repeatedly forced nonconsensual acts upon S.O., held a gun to her head, and left a note for S.O. threatening her and "all of the kids" with physical harm. The court rejected defendant's request for release into the custody of his parents, expressing a concern that they may be unwilling to report violations of conditions of release to law enforcement. In summary, it concluded that holding defendant without bail reasonably served the interests of mitigating the risks of flight and danger to the public.

¶ 9. On appeal, defendant argues that the court's conclusion that defendant failed to meet his burden to overcome the presumption of incarceration was arbitrary. Similarly, defendant contends this conclusion was unreasonable considering the evidence presented at the hearing. Finally, defendant suggests that we release him on the conditions of release that were proposed

during the June 28 hearing. Alternatively, defendant requests that we remand to the trial court for imposition of conditions of release.

¶ 10. There is no constitutional right to bail for offenses punishable by life imprisonment when the evidence of guilt is great. State v. Blackmer, 160 Vt. 451, 453-54, 631 A.2d 1134, 1136 (1993). When these requirements are met, a presumption against release and in favor of incarceration is established. State v. Rivera-Martinez, 2021 VT 96, ¶ 9, 216 Vt. 580, 273 A.3d 655 (mem.). "The trial court then must exercise its discretion in determining whether or not to impose bail and conditions of release." State v. Morris, 2008 VT 126, ¶ 2, 185 Vt. 573, 967 A.2d 1139 (citing Blackmer, 160 Vt. at 458, 631 A.2d at 1139). In exercising its discretion, the court may, but is not required to consider the factors in § 7554(b). State v. Henault, 2017 VT 19, ¶ 8, 204 Vt. 628, 167 A.3d 892 (mem.) (recognizing that § 7554(b) is not specifically applicable to discretionary decision whether to release defendant who is not entitled to bail). The trial court's discretion is broad, but the bail decision cannot be arbitrary. State v. Ford, 2015 VT 127, ¶ 10, 200 Vt. 650, 130 A.3d 862 (mem.). In considering whether a court abused its discretion in deciding release on bail, we examine "whether the discretion of the trial court was exercised on grounds or for reasons clearly untenable, or to an extent clearly unreasonable." State v. Toomey, 126 Vt. 123, 125, 223 A.2d 473, 475 (1966).

¶ 11. Defendant argues that the trial court's decision, in concluding that the presumption of incarceration was not overcome, "was an arbitrary and unreasonable exercise of discretion in light of the evidence presented at the WOE hearing." More specifically, he asserts that the decision was arbitrary due to the court's failure to articulate with adequate findings why the release plan offered by defendant was insufficient to overcome the presumption. Furthermore, defendant contends that the conclusion was also unreasonable considering the evidence he presented at the hearing.

¶ 12. We disagree on both counts. The court's discretionary decision not to release defendant on bail or conditions of release was based upon adequate findings and was neither arbitrary nor unreasonable. The decision recounted in detail the history of violent attacks against S.O., the injuries she suffered, and the note defendant left in S.O.'s gas tank door, threatening to kill her and her children while a relief from abuse order was in effect. Similarly, it noted and considered the release option proffered by defendant. The court considered every factor under § 7554(b), even though this was not required. While it found that some of the factors favored defendant, it concluded that the nature and circumstances of the offense charged, the weight of the evidence against the accused, and the accused's character and mental condition weighed in favor of incarceration.

¶ 13. In State v. Shores, the defendant was charged with the second-degree murder of her husband and the State moved to hold her without bail under § 7553. 2017 VT 37, 204 Vt. 630, 168 A.3d 471 (mem.). Defendant proposed release on conditions to the victim's mother and brother. Despite evidence in the record that defendant had no history of failing to appear in court or violating probation conditions and that she was a lifelong resident of Vermont and not a risk of flight, the court rejected the release to the proffered custodians and held the defendant without bail. The court considered the factors in § 7554. It recognized the positive factors, but emphasized the strength of the State's case and determined that "the nature and circumstances of the offense, and the weight of the evidence of guilt, weighed heavily against defendant" and " 'given the magnitude

3

of this act of violence, the court cannot conclude that defendant's character or mental condition weigh in her favor.' " Id. ¶ 14. On appeal, the defendant argued, in part, that the court's findings under § 7554 did not support a hold without bail.

¶ 14. We affirmed, holding that the court's decision was not arbitrary and that it did not abuse its discretion in ordering the defendant held without bail despite the factors weighing in her favor. Id. ¶¶ 21-24. We recognized that the interest in mitigating risk of danger to the public is a primary concern under § 7553 and rejected the argument that the order was based solely on the nature of the charge and the weight of the evidence. Id. ¶¶ 22-23. The trial court considered and weighed the evidence and the § 7554 factors, positive and negative, and did not err in concluding that they supported a hold without bail.

¶ 15. Our decision in Shores supports the court's conclusion here. Despite several positive factors in defendant's favor, and a proposal for release on conditions, a consideration of the § 7554 factors militated against a release on cash bail or conditions. The court considered all of the evidence presented and did not rely solely on the nature of the charges in making its decision. It was not unreasonable to conclude defendant should be held without bail after considering the weight of the evidence, the circumstances of the charges, defendant's character and mental condition, including the threatening note left for S.O. while a relief from abuse order was in place. The weight given to these factors supports the concern for a risk to the public, S.O., and her children. The court's decision was neither arbitrary nor unreasonable.

¶ 16. Given our conclusion that the trial court's decision was not an abuse of discretion, we decline defendant's request to release him on his proposed conditions of release or to remand the case for the trial court to do so.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Karen R. Carroll, Associate Justice

_____
William D. Cohen, Associate Justice

4